D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
SANDRA K. McBETH

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| In re<br><br>RAJYSAN, INC. dba MMD EQUIPMENT, a California corporation,<br><br>Debtor. | Case No. 9:17-bk-11363-DS<br><br>Chapter 7<br><br>TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH UNITED STATES OF AMERICA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT<br><br>Date: November 18, 2025<br>Time: 1:00 p.m.<br>Ctrm: 1639<br>Location: Edward R. Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA 90012 |
|---|---|

/ / /

/ / /

/ / /

/ / /

/ / /

## TABLE OF CONTENTS

1. Summary of Argument ........ 1
2. Factual Background ........ 3
A. Bankruptcy Case ........ 3
B. McBeth v. Department of the Treasury, Case No. 9:18-ap-01052-DS ........ 3
C. The Agreement ........ 6
1. Settlement Payment. ........ 6
2. Dismissal of the USA AP. ........ 7
3. Court Approval. ........ 7
4. No Determination of Tax Liability. ........ 7
5. No Admission of Liability. ........ 8
3. Legal Argument ........ 8
A. The Agreement is in the best interest of creditors and the Estate for purposes of Rule 9019. . 8
i. Probability of Success in the Litigation ........ 9
ii. The difficulties to be encountered in the matter of collection. ........ 10
iii. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it ........ 10
iv. The paramount interest of the creditors and a proper deference to their reasonable views in the premises ........ 12
B. Good cause exists to continue all hearings in the USA AP. ........ 13
4. Conclusion ........ 13
Declaration of Sandra K. McBeth ........ 15
REQUEST FOR JUDICIAL NOTICE ........ 18

## TABLE OF AUTHORITIES

**Cases**

*Burton v. Ulrich (In re Schmitt)*,
215 B.R. 417, 424 (B.A.P. 9th Cir. 1997) .......... 8

*Donell v. Kowell*,
533 F.3d 762, 773 (9th Cir. 2008) .......... 12

*In re A & C Properties*,
784 F.2d 1377, 1380-81 (9th Cir. 1986) .......... 8

*In re DBSI, Inc.*,
869 F.3d 1004 (9th Cir. 2017) .......... 1

*In re Mikkelsen*,
2018 Bankr.LEXIS 2622, at *5-6 (Bankr. D. Idaho Aug. 30, 2018) .......... 9

*In re Morrison*,
69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) .......... 9

*Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*,
115 F.4th 1047 (9th Cir. 2024) .......... 9

*Montana Dep't of Revenue v. Blixseth (In re Blixseth)*,
112 F.4th 837 (9th Cir. Aug. 14, 2024) .......... 2

*United States v. Edwards*,
595 F.3d 1004, 1012 (9th Cir. 2010) .......... 8

*United States v. Miller*,
604 U.S. __, 145 S.Ct. 839 (March 26, 2025) .......... 1

*Yong v. INS*,
208 F.3d 1116, 1119 (9th Cir. 2000) .......... 13

*Zarate v. Umpqua Bank (In re Zarate)*, 2015 Bankr.LEXIS 4140, at *22-23 (B.A.P. 9th Cir. Dec. 9, 2015) .......... 8

**Statutes**

11 U.S.C. § 502(d) .... 4, 9, 19

11 U.S.C. § 505 .... 7

11 U.S.C. § 544 .... 1, 5, 12, 16

11 U.S.C. § 548(a)(1)(A) .... 12

11 U.S.C. § 554(a) .... 11

11 U.S.C. §§ 548, 550, and 551) .... 9

**Rules**

Fed. R. Bankr. P. 9019 .... 8

Fed. R. Civ. P. 41 .... 7

Local Bankruptcy Rule 9013-2(b)(1) .... 10, 20

**Rule 9019** .... 8

Rule 9019 of the Federal Rules of Bankruptcy Procedure .... 8

**Codes**

California Civil Code § 3439 *et seq* .... 1

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Sandra K. McBeth, in her capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Rajysan, Inc., dba MMD Equipment ("Debtor"), respectfully files this motion ("Motion") to approve the settlement agreement ("Agreement") between the Trustee, on the one hand, and the United States of America, on behalf of its agency the Internal Revenue Service ("USA"), on the other hand. The Trustee and the USA are together referred to as the "Parties." In support of the Motion, Trustee represents as follows:

## 1. Summary of Argument

A bankruptcy trustee may avoid as fraudulent a debtor's pre-petition transfers where a debtor paid obligations on which it had no liability. In this case, the Debtor is a pass-through corporation. As such, it had no liability for the income taxes owed by its shareholders. Yet, the Debtor paid more than $3.7 million of its shareholders' taxes. Because the vast majority of these payments were made more than two years prior to bankruptcy, an adversary proceeding was filed against the USA in September 2018 which included claims under 11 U.S.C. § 544 and California Civil Code § 3439 *et seq*. to avoid and recover these fraudulent transfers. The Ninth Circuit had previously held that such transfers were avoidable under state fraudulent transfer laws. *In re DBSI, Inc*., 869 F.3d 1004 (9th Cir. 2017) (holding § 106(a)'s waiver of sovereign immunity extended to an Idaho state law cause of action under § 544(b)(1).

In April 2024, the Trustee filed a motion for summary judgment that was heard in August 2024 and taken under submission. Prior to the Court entering an order deciding the motion, however, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. __, 145 S.Ct. 839 (March 26, 2025). In *Miller*, the Supreme Court held, under very similar facts, that a bankruptcy estate could not avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because, outside of bankruptcy, the USA has not waived sovereign immunity to allow creditors to sue it to avoid and recover fraudulent transfers.

Although the IRS never raised sovereign immunity as a defense in its answer in this case, the Ninth Circuit recently held that an express waiver of sovereign immunity stated on the record in

open court by counsel for the IRS was unenforceable because it was not clearly and unequivocally supported by an expression of waiver set forth in statutory text. *Montana Dep't of Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837 (9th Cir. Aug. 14, 2024). As such, it did not appear that the absence of a sovereign immunity defense in its answer would be sufficient for this Court to conclude that the IRS's participation in this action for seven years without the assertion would constitute a waiver.

Based on the Supreme Court's decision in *Miller* and the Trustee's determination that the IRS had likely not waived sovereign immunity to render *Miller* inapplicable, the Trustee determined it was in the best interest of the estate to settle the pending case based on the $27,625.97 in transfers made by the Debtor during the 2-year period prior to bankruptcy. The transfers made during the 2-year period remain subject to avoidance because Section 106 clearly waives sovereign immunity with respect to claims under Section 548. After mediation, the parties agreed to settle the case in exchange for a payment by the IRS to the estate of $13,812.99.

The Trustee is disappointed for the estate with respect to the outcome of this matter. When it was filed in 2018, there was published Ninth Circuit authority concluding that that such an action could be prosecuted for the benefit of creditors. But, the intervening Supreme Court decision in *Miller* and the Ninth Circuit in *Blixseth* have resulted in the proposed compromise being the estate's best course of action at this juncture.

A bankruptcy trustee's proposed compromise should be approved if it is in the best interest of the estate and is "fair and equitable" for creditors. In determining whether an agreement is fair and equitable for the creditors, courts assess the following four factors: (1) the probability of success of the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. A bankruptcy trustee may exercise her business judgment in agreeing to a proposed compromise.

Were the Agreement not approved, the Trustee would be forced to proceed with litigation in the USA AP. Specifically, the Trustee would be required to request that the Court issue its decision

on the pending summary judgment motion, which is fully briefed and awaiting a ruling. But, for the reasons set forth above, the Trustee does not believe that the probability of success would favor the estate. Moreover, if the Court were to deny summary judgment finding a factual issue, proceeding to trial on a $27,625.97 claim makes no economic sense. The attorney's fees incurred in connection with a pretrial stipulation and conference, trial (including pre- and post-trial briefing), and a likely appeal would amount to multiples of the estate's best-case recovery.

Based on the foregoing, the Trustee's business judgment under the circumstances is that the compromise set forth in the Agreement is in the best interest of creditors and the Estate. The Trustee respectfully requests that the Court approve the Agreement in its entirety.

This Motion is one of three motions to approve compromises being filed concurrently. The Trustee is likewise filing a motion to approve a compromise with the Sahanis (for whose benefit the Debtor made the tax transfers including those at issue in the IRS litigation), and a motion to approve a compromise with the Los Angeles County Treasurer-Tax Collector.

## 2.    Factual Background

### A.    Bankruptcy Case

On July 29, 2017, Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition, commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy Case").

On May 14, 2019, at Docket No. 410 in the Bankruptcy Case, the Court entered an order approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

On February 14, 2022, at Docket No. 666 in the Bankruptcy Case, the Court entered an "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter 7."

Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

### B.    McBeth v. Department of the Treasury, Case No. 9:18-ap-01052-DS

On September 19, 2018, the Committee filed an adversary complaint against the Department of Treasury and Internal Revenue Service, initiating Adversary Proceeding No. 9:18-ap-01052-DS ("USA AP").

On November 26, 2018, at USA AP Docket No. 18, the Committee filed a second amended complaint ("USA Complaint") against the United States of America ("USA"). The USA Complaint alleges the following claims:

(1) First Claim for Relief, for Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

(2) Second Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

(3) Third Claim for Relief, for Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04 *et seq.*;

(4) Fourth Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.05 *et seq.*; and

(5) Fifth Claim for Relief, for Disallowance of Claim, pursuant to 11 U.S.C. § 502(d).

USA AP Docket No. 18.

On December 10, 2018, at USA AP Docket No. 26, the USA filed its answer to the USA Complaint.

Pursuant to a June 17, 2022, order of the Court, at USA AP Docket No. 134, the Trustee is the plaintiff and real party-in-interest in the USA AP.

Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis") are intervenor defendants in the USA AP, which is currently pending. *See* USA AP Docket No. 43.

On April 26, 2024, the Trustee filed a "Motion for Summary Judgment or, Alternatively, Summary Adjudication" ("MSJ"), with supporting documents. USA AP Docket Nos. 286-293; *see also* USA AP Docket No. 294 (amended compendium of exhibits, filed on April 27, 2024). The MSJ pertains to Counts 1-5 of the USA Complaint.

On May 22, 2024, the Sahanis filed their Opposition to the MSJ with supporting documents. USA AP Docket Nos. 306-311, 317.

On May 22, 2024, the USA filed its Opposition to the MSJ. USA AP Docket Nos. 312-315.

On May 29, 2024, the Trustee filed an "Omnibus Reply to Oppositions to Trustee's Motion for Summary Judgment or, Alternatively, Summary Adjudication," with supporting documents. USA AP Docket Nos. 322-27, 329. [1]

On October 29, 2024, the Trustee filed a "Notice of Recent Decision Re: Plaintiff's Motion for Summary Judgment or, Alternatively, Summary Adjudication." USA AP Docket No. 348.

On November 5, 2024, the Sahanis and the USA each filed a response to the Trustee's notice of recent decision. USA AP Docket Nos. 349-50.

On March 26, 2025, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. __, 145 S.Ct. 839 (2025) (defined above as the "Miller Case"). In the *Miller* Case, in a very similar fact pattern, the Supreme Court held that a bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent transfers. The *Miller* Case has substantially undermined the viability of the Trustee's claims in the USA AP.

On March 26, 2025, as USA AP Docket No. 360, the USA filed a "Notice of Supreme Court Decision" regarding the Miller Case.

On May 1, 2025, the Trustee filed a "Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act." USA AP Docket No. 374.

On May 2, 2025, the Court entered an "Order Approving Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act" ("UVTA Order"). USA AP Docket No. 378. The UVTA Order approved the stipulation for dismissal of the Trustee's third and fourth claims for relief with prejudice.

---

[1] On May 29, 2024, the Trustee also filed a motion to strike portions of the USA's opposition as exceeding 35 pages in contravention of Local Bankruptcy Rule 9013-2(b)(1). USA AP Docket No. 320. The Court has not yet ruled on the motion to strike. The USA also filed a motion for an order permitting its brief exceeding 35 pages, *nunc pro tunc*. USA AP Docket No. 330.

Following entry of the UVTA Order, the Trustee's avoidance claims against the USA are limited to the two-year transfers set forth below:

| DATE | CHECK | AMOUNT | TAC Ex. | FOR THE BENEFIT OF |
|---|---|---|---|---|
| 8/19/2015 | 32272 | $1,932.00 | **1** | Gurpreet |
| 8/19/2015 | 32271 | $536.00 | **1** | Gurpreet |
| 8/19/2015 | 32270 | $9,087.00 | **4** | Amarjit and Rajinder |
| 8/19/2015 | 32269 | $1,341.00 | **4** | Amarjit and Rajinder |
| 9/14/2015 | 32521 | $6,434.33 | **4** | Amarjit and Rajinder |
| 11/11/2015 | 32960 | $36.64 | **4** | Amarjit and Rajinder |
| 4/1/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| 5/2/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| 6/1/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| **TOTAL** | | **$27,625.97** | | |

*See* USA AP, Docket No. 286 at 44 (list of all tax transfers at issue in the USA AP); USA AP Docket No. 291 (separate statement of uncontroverted facts, citing the evidence substantiating that each of the tax transfers occurred).

Due mostly in part to the Supreme Court's ruling in the *Miller* Case, the Trustee has agreed with the USA to fully and finally resolve the USA AP, subject to Bankruptcy Court approval.

## C. The Agreement

The Parties have executed the Agreement to resolve the USA AP in its entirety. A true and correct copy of the Agreement is attached to the McBeth Declaration as **Exhibit 1**. In furtherance of this objective, the Agreement contains the following terms:

1. **Settlement Payment.** No later than 150 days after entry of a Court order approving this Agreement that is final (*i.e.*, no longer subject to appeal), or within such later time to which the Trustee and the USA agree in writing, the USA shall pay $13,812.99 to the Trustee ("Payment").

The Payment shall be paid via check paid to the order of "Sandra K. McBeth, Chapter 7 Trustee," and mailed to Sandra K. McBeth, A Professional Law Corporation, 7343 El Camino Real, #185, Atascadero, CA 93422. Alternatively, the USA may pay via electronic method. Should the USA require additional time to make the payment, AUSA Najah Shariff shall notify the Trustee within 7 days of learning that the USA requires more time.

2. **Dismissal of the USA AP.** Within 14 days after the later of Trustee's receipt of the Payment and entry of a final Court order approving this Agreement, the Trustee and the USA shall promptly execute a Stipulation of Dismissal of the USA AP pursuant to Fed. R. Civ. P. 41, which shall cause the USA AP to be dismissed with prejudice, with each Party to bear its own attorneys' fees and costs of suit.

3. **Court Approval.** The Parties acknowledge and agree that the Bankruptcy Court approval of this Agreement and the entry of a final and non-appealable order in form and content satisfactory to the Parties is a necessary condition precedent to its effectiveness. The Trustee shall be responsible for preparation and filing of a motion pursuant Rule 9019 of the Federal Rules of Bankruptcy Procedure to seek approval of this Agreement. If the Agreement is not approved in its entirety, whether due to an order of the Bankruptcy Court or an appellate court, then the Trustee shall return any amount of the Payment received from the USA to the USA, and the Trustee and the USA shall retain any and all of their respective rights.

4. **No Determination of Tax Liability.** Nothing contained in the Agreement shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtor, nor shall the Agreement be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the bankruptcy case, nor shall anything in the Agreement be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability except as provided under 11 U.S.C. § 505. Nothing in the Agreement shall discharge, release, impair or otherwise preclude any claim of the United States, nor shall anything in this Agreement: (i) enjoin or otherwise bar the United States or any Governmental Unit, as defined in section 101(27), from asserting or enforcing, outside the Bankruptcy Court, any tax liability, or (ii) divest any court, commission, or tribunal of jurisdiction to

determine whether any liabilities asserted by the United States or any Governmental Unit are discharged under the Bankruptcy Code.

5. **No Admission of Liability.** Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.

The full terms of the Agreement are set forth in Exhibit 1 to the McBeth Declaration.

## 3. Legal Argument

### A. The Agreement is in the best interest of creditors and the Estate for purposes of Rule 9019.

Under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the court may approve a compromise or settlement on motion by the trustee. Fed. R. Bankr. P. 9019. A compromise should be approved if it is in the best interest of the estate and is "fair and equitable" for the creditors. *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Guy F. Atkinson Co.)*, 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate."); *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424 (B.A.P. 9th Cir. 1997). "In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:

(a) the probability of success of the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and]

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (same).

A trustee can exercise his business judgment to settle claims at any time, based on his evaluation of the case. *Zarate v. Umpqua Bank (In re Zarate)*, 2015 Bankr.LEXIS 4140, at *22-23 (B.A.P. 9th Cir. Dec. 9, 2015) (noting also that the trustee "must be permitted to use his business acumen and judgment in the best interest of the estate"); *see also In re Mikkelsen*, 2018

Bankr.LEXIS 2622, at *5-6 (Bankr. D. Idaho Aug. 30, 2018) (approving a proposed compromise that was "reasonable and within Trustee's proper exercise of business judgment"). A settlement negotiated by a trustee, as a representative of the estate, is entitled to deference. *In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

### i. Probability of Success in the Litigation

Following entry of the UVTA Order, the USA AP is limited to Counts 1-2 (for Avoidance, Recovery, and Preservation of Intentional and Constructive Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551), and Count 5 (for Disallowance of Claim, pursuant to 11 U.S.C. § 502(d)). Success on Count 5 is more or less automatic should the Trustee prevail on Counts 1 and 2. Title 11 U.S.C. § 502(d) provides that "the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section 544 [or] 548 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 of this title." That said, § 502(d) only disallows any claim asserted by the USA unless or until it timely repays any avoidable transfers. As set forth above, post-*Miller*, the avoidable transfers total $27,625.97. In other words, for all practical purposes, there is not much success to be had on Count 5.

Counts 1 and 2 assert fraudulent transfer claims against the USA. As discussed elsewhere in this brief, the Trustee's chance of success in the USA AP depends on the MSJ being granted; otherwise, the Trustee will likely abandon the remaining claims set forth in the USA AP. While the Ninth Circuit, in *Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*, 115 F.4th 1047 (9th Cir. 2024), affirmed an order granting summary judgment to the trustee on a fraudulent transfer claim, the court also acknowledged the uphill battle trustees face in obtaining summary judgment on such claims:

> Questions involving a person's state of mind, e.g., whether a party knew or should have known of a particular condition, are generally factual issues inappropriate for resolution by summary judgment. [Citation.] However, where the palpable facts are substantially

> undisputed, such issues can become questions of law which may be properly decided by summary judgment. [Citation.]

*Id.* at 1058 (internal quotation marks omitted).

The Trustee has made her best case for obtaining summary judgment on the fraudulent transfer claims, but both the USA and the Sahanis have opposed the MSJ. Further, the USA and the Sahanis are represented by highly competent counsel, which makes success in the litigation all the more difficult.

Because success in the USA AP depends on succeeding on questions of fact via summary judgment, this factor favors granting the Motion.

**ii. The difficulties to be encountered in the matter of collection.**

The Trustee believes that the USA can and will satisfy any judgment against it. That said, the federal government is currently shut down, with no end in sight to the shutdowns. The Trustee believes that collection during the shutdowns will be difficult if not impossible. Further, for reasons explained elsewhere in this Motion, any discussion of actual collection is purely academic because for all practical purposes the Trustee's claims against the USA are at this point worthless due to the administrative expense continued litigation would entail. This factor supports approval of the Agreement.

**iii. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it**

The litigation with the USA is very complicated. The Trustee's summary judgment motion totaled 35 pages (the maximum permissible under Local Bankruptcy Rule 9013-2(b)(1), absent a court order otherwise), plus thousands of additional pages of supporting evidence. Were the Trustee to proceed to trial, the volume of the briefing and supporting evidence would reach similar lengths.

The Trustee estimates that it would take 1-2 days to present her side of the case at trial, and the USA estimates that it would take 2-3 days to present its side of the case at trial, *see* USA AP Docket No. 359 at 2 (joint status report filed on March 13, 2025), meaning that trial could potentially take five days (and more for opening/closing arguments and any oral ruling by the Court). The Trustee would have at least two attorneys present at trial (D. Edward Hays, Esq., who bills at an

hourly rate of $770, and Bradford N. Barnhardt, Esq., who bills at an hourly rate of $470, subject to increase by the time of any trial). Five days of trial for eight hours a day would cost $49,600 for the trial alone, not to mention the pretrial stipulation and briefing, trial preparation, and travel time/hotel expenses for Downtown Los Angeles. Plus, given the complexity of the pending claims and defenses, there is a strong likelihood that posttrial briefing would be ordered, leading to further expense and delay. Even if the Trustee were to prevail at trial, the USA would likely appeal, emmeshing the Trustee in complicated appellate litigation that could add years of delay and significant expense. Simply put, it will cost multiples of the best-case recovery to take this case to trial. As such, if the Trustee does not succeed on the MSJ, the Trustee will likely abandon the litigation claims against the USA as burdensome or of inconsequential value and benefit to the Estate. *See generally* 11 U.S.C. § 554(a) ("After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.").

This Motion is also being drafted during a government shutdown, with the courts maintaining "limited operations necessary to perform the Judiciary's constitutional functions." *See generally* *https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery* (published on Oct. 17, 2025). There is no telling when the shutdowns will end. The ongoing shutdowns have the potential to further delay resolution of the USA AP.

The Agreement provides for a $13,812.99 payment to the Trustee payable within 150 days after entry of a final Court order approving the Agreement (subject to enlargement due to the ongoing government shutdowns and the potential impact they may have on the USA's ability to remit payment). More importantly, the Agreement binds the USA to pay the Trustee without the need for further litigation. This factor alone should establish sufficient cause for approval of the Agreement.

### iv. The paramount interest of the creditors and a proper deference to their reasonable views in the premises

Post-*Miller*, there is simply no good outcome for the creditors in the USA AP. Pre-*Miller*, the Trustee sought avoidance, recovery, and preservation of $3,730,293.82 of alleged fraudulent transfers to the USA. *See* USA AP Docket No. 18 at 13 (listing the alleged fraudulent transfers). Recovery of this amount would have been a great result for the creditors. Unfortunately for the Trustee and the creditors, however, most of these transfers occurred more than two years before bankruptcy, meaning that they were only subject to avoidance pursuant to 11 U.S.C. § 544 and the UVTA. *Compare* 11 U.S.C. § 548(a)(1)(A) (limiting the avoidable transfers to those made or incurred on or within 2 years before the date of the filing of the petition), *with Donell v. Kowell*, 533 F.3d 762, 773 (9th Cir. 2008) (noting that an action under § 3439.04(a)(1) or § 3439.04(a)(2) of the UVTA must be brought within four years after the transfer was made). As discussed above, in *Miller*, in a very similar fact pattern, the Supreme Court held that a bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent transfers. Because of *Miller*, the Trustee stipulated to entry of the UVTA Order.

There is no way to get a great result for the creditors with a $27,625.97 amount in controversy on the remaining § 548 claims. But-for the Agreement, the best-case scenario would be prevailing on the MSJ, which would give the Trustee judgment for $27,625.97. But, administrative expenses will be incurred to appear for the hearing and lodge the order and judgment, and an appeal would likely cost more than $27,625.97, even considering the efficiencies that might be gained by litigating the appeal of the MSJ with the summary judgment motions in other, related adversary proceedings. In all likelihood, continued litigation would result in priority administrative expenses far beyond the best-case recovery, which would be a terrible result for creditors.

While the Agreement does not bring much money into the Estate, it does at least cover the Trustee's expenses in attending the mediation, drafting the Agreement and this Motion, and

effectuating dismissal of the USA AP, with a little more likely left over to pay to creditors. Frankly put, there will not be a better result for the creditors. This factor supports approval of the Agreement.

### B. Good cause exists to continue all hearings in the USA AP.

The Court has the inherent authority to control its docket and calendar. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). There is currently a status conference and hearing on the MSJ in the USA AP, set for December 16, 2025, at 1:00 p.m. USA AP Docket No. 390. The Agreement, however, provides for dismissal of the USA AP with prejudice within 14 days after the later of Trustee's receipt of the settlement payment and entry of a final Court order approving the Agreement. Agreement, § 2. To conserve resources, if the Agreement is approved, all pending hearings in the USA AP should be continued from December 16, 2025, to a date on or after June 1, 2026,[2] that is convenient for the Court.

## 4. Conclusion

All applicable *A&C Properties* factors support approval of the Agreement. Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Approving the Agreement attached to the McBeth Declaration as Exhibit 1;

3. Continuing all pending hearings in the USA AP, currently set for December 16, 2025, to a date on or after June 1, 2026, that is convenient for the Court, with appearances waived at the hearings on December 16, 2025; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Such a continuance allows 7 days after the hearing on this Motion for the order to be lodged and entered, 14 days after entry for the order granting this Motion to become final, 150 days thereafter for the USA to make its payment to the Trustee, and 14 days after that for the stipulation of dismissal of the USA AP to be filed.

4. For such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: October 27, 2025

Respectfully submitted,

MARSHACK HAYS WOOD LLP

By: */s/ Bradford N. Barnhardt*
D. EDWARD HAYS
CHAD V. HAES
BRADFORD N. BARNHARDT
Attorneys for Chapter 7 Trustee,
SANDRA K. McBETH

## Declaration of Sandra K. McBeth

I, SANDRA K. McBETH, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3. I am the duly appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Rajysan, Inc., dba MMD Equipment ("Debtor").

4. I make this Declaration in support of the Motion to Approve Settlement Agreement with the United States of America ("Motion"). All terms not otherwise defined in this Declaration are used as they are defined in the Motion.

5. Pursuant to an order of the Court, I am the plaintiff and real party-in-interest in the USA AP (solely in my capacity as Chapter 7 Trustee of the Estate).

6. On or about October 21, 2025, I executed a settlement agreement ("Agreement") with the USA. A true and correct copy of the Agreement is attached as **Exhibit 1**.

7. The Agreement was drafted following a full-day mediation with the USA and its counsel, mediated by Leonard Gumport, Esq. The Agreement was the product of arms'-length negotiation among myself and my counsel and the USA and its counsel during and after mediation.

8. For the following reasons, I believe in my business judgment that the compromise set forth in the Agreement is in the best interest of creditors and the Estate.

9. The Agreement provides for the USA to pay $13,812.99 to the Estate no later than 150 days after entry of a final Court order approving the Agreement (subject to enlargement on notification to me which I understand is a provision that the USA required due to the ongoing government shutdowns and the impact they may have on the USA's ability to make payment). The Agreement further provides for dismissal of the USA AP with prejudice within 14 calendar days after the later of my receipt of the USA's payment and entry of a final Court order approving the Agreement.

10. The $13,812.99 should cover the expenses of my counsel to attend mediation with the USA, prepare the Agreement and this Motion, and effectuate dismissal of the USA AP, with hopefully a small recovery left over for the creditors. Under the circumstances, I believe in my business judgment that this is the best possible result for the creditors and the Estate for the reasons explained in this Declaration.

11. The operative complaint in the USA AP identifies no less than $3,730,293.82 of alleged fraudulent transfers. Until earlier this year, the amount in controversy in the USA AP exceeded $3 million. All changed, however, when the Supreme Court issued its decision in the Miller Case. In the Miller Case, the Supreme Court held that the sovereign immunity waiver provision in the Bankruptcy Code does not waive the federal government's sovereign immunity to a state-law fraudulent transfer claim. Based on my belief that the Miller Case has absolved the USA of potential liability for claims to recover millions in tax payments made by Debtor on the Sahanis' behalf, I stipulated to dismiss my claims brought against the USA under 11 U.S.C. § 544 and the UVTA.

12. I am informed that the alleged two-year transfers subject to avoidance pursuant to my remaining § 548 claims total $27,625.97. Were the Agreement not approved, I would likely proceed with the hearing on my pending summary judgment motion which is fully briefed. But, the best-case result is a judgment to the Estate for $27,625.97, and priority administrative expenses will be incurred in connection with the ongoing summary judgment proceedings. If any parties appeal the summary judgment, I will have to consider abandoning the claims due to the administrative expenses that will be entailed in defending the judgment. And, I understand that success on the summary judgment motion is far from guaranteed due to the presence of factual issues such as intent.

13. I further understand that proceeding to trial would result in the Estate incurring multiples of $27,625.97 in priority administrative expenses. Therefore, were I not to succeed on the summary judgment motion, I would likely have no choice but to abandon the pending litigation claims against the USA as being burdensome or of inconsequential value and benefit to the Estate.

/ / /

/ / /

14. Unfortunately, I believe that due to the Miller Case, there is not a better result to be had for the creditors and the Estate than what is set forth in the Agreement. At least the Agreement covers the administrative expenses in dismissing the USA Case, which has effectively become a lost cause for reasons entirely outside of my control.

15. For the foregoing reasons, I believe, in my business judgment, that the compromise set forth in the Agreement is in the best interest of creditors in the Estate, and I respectfully request that the Court grant my Motion and approve the Agreement in its entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2025.

Sandra K McBeth
SANDRA K. MCBETH

**REQUEST FOR JUDICIAL NOTICE**

Sandra K. McBeth, in her capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of the Rajysan, Inc., dba MMD Equipment ("Debtor") in the above-captioned bankruptcy case, requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following:

1. On July 29, 2017, Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition, commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy Case").

2. On May 14, 2019, at Docket No. 410 in the Bankruptcy Case, the Court entered an order approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

3. On February 14, 2022, at Docket No. 666 in the Bankruptcy Case, the Court entered an "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter 7."

4. Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

5. On September 19, 2018, the Committee filed an adversary complaint against the Department of Treasury and Internal Revenue Service, initiating Adversary Proceeding No. 9:18-ap-01052-DS ("USA AP").

6. On November 26, 2018, at USA AP Docket No. 18, the Committee filed a second amended complaint ("USA Complaint") against the United States of America ("USA").

The USA Complaint alleges the following claims:

a. First Claim for Relief, for Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

b. Second Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

c. Third Claim for Relief, for Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04 *et seq.*;

   d. Fourth Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.05 *et seq.*; and

e. Fifth Claim for Relief, for Disallowance of Claim, pursuant to 11 U.S.C. § 502(d).

USA AP Docket No. 18.

7. When the USA Complaint was filed, it sought avoidance, recovery, and preservation of $3,730,293.82 of alleged fraudulent transfers to the USA. *See* USA AP Docket No. 18 at 13 (listing the alleged fraudulent transfers).

8. On December 10, 2018, at USA AP Docket No. 26, the USA filed its answer to the USA Complaint.

9. Pursuant to a June 17, 2022, order of the Court, at USA AP Docket No. 134, the Trustee is the plaintiff and real party-in-interest in the USA AP.

10. Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis") are intervenor defendants in the USA AP, which is currently pending. *See* USA AP Docket No. 43.

11. On April 26, 2024, the Trustee filed a "Motion for Summary Judgment or, Alternatively, Summary Adjudication" ("MSJ"), with supporting documents. USA AP Docket Nos. 286-293; *see also* USA AP Docket No. 294 (amended compendium of exhibits, filed on April 27, 2024).

12. The MSJ pertains to Counts 1-5 of the USA Complaint.

13. On May 22, 2024, the Sahanis filed their Opposition to the MSJ with supporting documents. USA AP Docket Nos. 306-311, 317.

14. On May 22, 2024, the USA filed its Opposition to the MSJ. USA AP Docket Nos. 312-315.

15. On May 29, 2024, the Trustee filed an "Omnibus Reply to Oppositions to Trustee's Motion for Summary Judgment or, Alternatively, Summary Adjudication," with supporting documents. USA AP Docket Nos. 322-27, 329.

16. On May 29, 2024, the Trustee filed a motion to strike portions of the USA's MSJ opposition as exceeding 35 pages in contravention of Local Bankruptcy Rule 9013-2(b)(1). USA AP Docket No. 320.

17. The Court has not yet ruled on the motion to strike.

18. The USA has filed a motion for an order permitting its brief exceeding 35 pages, *nunc pro tunc*. USA AP Docket No. 330.

19. On October 29, 2024, the Trustee filed a "Notice of Recent Decision Re: Plaintiff's Motion for Summary Judgment or, Alternatively, Summary Adjudication." USA AP Docket No. 348.

20. On November 5, 2024, the Sahanis and the USA each filed a response to the Trustee's notice of recent decision. USA AP Docket Nos. 349-50.

21. On March 26, 2025, as USA AP Docket No. 360, the USA filed a "Notice of Supreme Court Decision" regarding the Miller Case.

22. On May 1, 2025, the Trustee filed a "Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act." USA AP Docket No. 374.

23. On May 2, 2025, the Court entered an "Order Approving Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act" ("UVTA Order"). USA AP Docket No. 378.

24. The UVTA Order approved the stipulation for dismissal of the Trustee's third and fourth claims for relief with prejudice.

25. The alleged two-year transfers subject to avoidance against the USA are as set forth below:

| DATE | CHECK | AMOUNT | TAC Ex. | FOR THE BENEFIT OF |
|---|---|---|---|---|
| 8/19/2015 | 32272 | $1,932.00 | 1 | Gurpreet |
| 8/19/2015 | 32271 | $536.00 | 1 | Gurpreet |

| DATE | CHECK | AMOUNT | TAC Ex. | FOR THE BENEFIT OF |
|---|---|---|---|---|
| 8/19/2015 | 32270 | $9,087.00 | **4** | Amarjit and Rajinder |
| 8/19/2015 | 32269 | $1,341.00 | **4** | Amarjit and Rajinder |
| 9/14/2015 | 32521 | $6,434.33 | **4** | Amarjit and Rajinder |
| 11/11/2015 | 32960 | $36.64 | **4** | Amarjit and Rajinder |
| 4/1/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| 5/2/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| 6/1/2016 | ACH | $2,753.00 | **4** | Amarjit and Rajinder |
| **TOTAL** | | **$27,625.97** | | |

*See* USA AP, Docket No. 286 at 44 (list of all tax transfers at issue in the USA AP); USA AP Docket No. 291 (separate statement of uncontroverted facts, citing the evidence substantiating that each of the tax transfers occurred).

26. There is currently a status conference and hearing on the summary judgment motion in the USA AP, set for December 16, 2025, at 1:00 p.m. USA AP Docket No. 390

27. The Trustee estimates that it would take 1-2 days to present her side of the case at trial, and the USA estimates that it would take 2-3 days to present its side of the case at trial. USA AP Docket No. 359 at 2 (joint status report filed on March 13, 2025).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

28. The United States government is currently shut down, with the courts maintaining "limited operations necessary to perform the Judiciary's constitutional functions." *See generally* *https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery* (published on Oct. 17, 2025).

DATED: October 27, 2025

MARSHACK HAYS WOOD LLP

By: */s/ Bradford N. Barnhardt*
D. EDWARD HAYS
CHAD V. HAES
BRADFORD N. BARNHARDT
Counsel for Sandra K. McBeth, Chapter 7 Trustee

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Sandra K. McBeth, solely in her capacity as the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor, Rajysan, Inc. dba MMD Equipment ("Debtor"), on the one hand, and the United States of America, on behalf of its agency, the Internal Revenue Service ("USA"), on the other hand. The Trustee and the USA are together referred to as the "Parties."

## RECITALS

### Bankruptcy Case

A. On July 29, 2017 ("Petition Date"), Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition, commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy Case").

B. Amarjit Sahani, Rajinder Sahani, and Gurpreet Sahani were all shareholders of the Debtor prior to bankruptcy.

C. The Debtor is a pass-through entity and does not owe income tax. Instead, all income passes through to its shareholders who are responsible for payment of income taxes.

D. On May 14, 2019, as Docket No. 410, the Court entered an order approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

E. On February 14, 2022, as Docket No. 666, the Court entered an "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter 7."

F. Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

### McBeth v. Department of the Treasury, Case No. 9:18-ap-01052-DS

G. On September 19, 2018, the Official Committee of Unsecured Creditors ("Committee") filed an adversary complaint against the Department of Treasury and Internal Revenue Service, initiating Adversary Proceeding No. 9:18-ap-01052-DS ("USA AP").

H. On November 26, 2018, as USA AP Docket No. 18, the Committee filed a second amended complaint ("USA Complaint") against the USA. The USA Complaint includes claims for relief to avoid and recover certain of the Debtor's payments to the IRS of the tax debts owed by Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis"). The tax transfers from the Debtor to the IRS made within two years before the Petition Date total $27,625.97.

I. On December 10, 2018, as USA AP Docket No. 26, the USA filed its answer to the USA Complaint.

J. Pursuant to a June 17, 2022, order of the Court, USA AP Docket No. 134, the Trustee is the plaintiff and real party-in-interest in the USA AP.

K. The Sahanis are intervenor defendants in the USA AP. *See* USA AP Docket No. 43.

L. The USA AP remains pending.

**Intervening Supreme Court Holding**

M. On March 26, 2025, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. __, 145 S.Ct. 839 (2025). In *Miller*, in a very similar fact pattern, the Supreme Court held that a bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent transfers. The *Miller* decision has substantially affected the viability of the Trustee's claims in the USA AP.

N. On March 26, 2025, as USA AP Docket No. 360, the USA filed a "Notice of Supreme Court Decision" regarding *Miller*.

O. On May 1, 2025, the Trustee filed a "Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act." USA AP Docket No. 374.

P. On May 2, 2025, the Court entered an "Order Approving Stipulation to Dismiss with Prejudice Trustee's Claims Against the United States of America Under the California Uniform Voidable Transactions Act." USA AP Docket No. 378.

**AGREEMENT**

**NOW THEREFORE,** in consideration of the mutual covenants, promises and undertakings set forth below, and subject to the Bankruptcy Court's approval, the Parties agree as follows:

**1. Settlement Payment.** No later than 150 days after entry of a Court order approving this Agreement that is final (*i.e.*, no longer subject to appeal), or within such later time to which the Trustee and the USA agree in writing, the USA shall pay $13,812.99 to the Trustee ("Payment"). The Payment shall be paid via check paid to the order of "Sandra K. McBeth, Chapter 7 Trustee," and mailed to Sandra K. McBeth, A Professional Law Corporation, 7343 El Camino Real, #185, Atascadero, CA 93422. Alternatively, the USA may pay via electronic method. Should the USA require additional time to make the payment. AUSA Najah Shariff shall notify the Trustee within 7 days of learning that the USA requires more time.

**2. Dismissal of the USA AP.** Within 14 days after the later of Trustee's receipt of the Payment and entry of a final Court order approving this Agreement, the Trustee and the USA shall promptly execute a Stipulation of Dismissal of the USA AP pursuant to Fed. R. Civ. P. 41, which shall cause the USA AP to be dismissed with prejudice**,** with each Party to bear its own attorneys' fees and costs of suit.

**3. Court Approval.** The Parties acknowledge and agree that the Bankruptcy Court approval of this Agreement and the entry of a final and non-appealable order in form and content satisfactory to the Parties is a necessary condition precedent to its effectiveness. The Trustee shall be responsible for preparation and filing of a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to seek approval of this Agreement. If the Agreement is not approved in its entirety, whether due to an order of the Bankruptcy Court or an appellate court, then the Trustee shall return any amount of the Payment received from the USA to the USA, and the Trustee and the USA shall retain any and all of their respective rights.

**4. No Determination of Tax Liability.** Nothing contained in the Agreement shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtor, nor shall the Agreement be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the bankruptcy case, nor shall anything in the Agreement be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability except as provided under 11 U.S.C. § 505. Nothing in the Agreement shall discharge, release, impair or otherwise preclude any claim of the United States, nor shall anything in this Agreement: (i) enjoin or otherwise bar the United States or any Governmental Unit, as defined in section 101(27), from asserting or enforcing, outside the Bankruptcy Court, any tax liability, or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by the United States or any Governmental Unit are discharged under the Bankruptcy Code.

**5. No Admission of Liability.** Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.

**6. Integration.** This Agreement supersedes all prior representations and agreements, if any, among the Parties or their legal counsel. This Agreement contains the entire and only understanding among the Parties and may not be altered, amended, or extinguished, except by a writing which expressly refers to this Agreement and which is signed subsequent to the execution of this Agreement by the Party or Parties to any such alteration, amendment, or extinguishment, or their successors-in-interest. Any such alteration, amendment, or extinguishment must be executed by the Party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

**7. Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of California and, where applicable, the United States Bankruptcy Code, and the Internal Revenue Code.

**8.** **Representation by Counsel.** The Trustee represents that she obtained the advice of legal counsel of her choosing in connection with the negotiation, preparation, and execution of this Agreement, or that she was afforded a reasonable time to seek such legal counsel and elected not to do so.

**9.** **Jurisdiction and Venue.** The United States Bankruptcy Court for the Central District of California, Northern Division, shall retain jurisdiction over this Agreement and shall resolve any disputes arising under this Agreement. The Parties agree to the exercise of jurisdiction over them by the Bankruptcy Court to resolve any disputes over this Agreement, and consent to the entry of final judgment by the Bankruptcy Court in relation to this Agreement.

**10.** **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by all Parties and, if applicable, with Bankruptcy Court approval.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11. **Counterparts and Facsimile and PDF Signatures.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Agreement, subject to Bankruptcy Court approval. A facsimile signature or electronically imaged signature in "pdf" format shall, for purposes of this Agreement, be deemed to constitute an original signature and be binding as such.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the date(s) written below.

DATED: October 21, 2025

Sandra K. McBeth
solely in her capacity as Chapter 7 Trustee
of the Bankruptcy Estate of Rajysan, Inc.
dba MMD Equipment

DATED: October 21, 2025

BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section

NAJAH J. SHARIFF
Assistant United States Attorney
Attorneys for the United States of America

Main Document Page 33 of 35

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH UNITED STATES OF AMERICA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 28, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 28, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**RTD 12/27/23 UTF**
**DEBTOR**
RAJYSAN, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR
TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE
~~4175 GUARDIAN STREET~~
~~SIMI VALLEY, CA 93063~~

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Saltzman does not follow the judge's copy requirements of General Order 23-01. No judge's copy of any document is required unless a copy is requested by chambers.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2025 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **Bret D. Allen** ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- **Todd M Arnold** tma@lnbyg.com
- **Bhagwati Barot** bbarot@aissolution.com
- **Linda S Blonsley** blonsleylawecf@gmail.com, joe@blonsleylaw.com;lawbr69955@notify.bestcase.com;lblonsley@blonsleylaw.com
- **Jess R Bressi** jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Cathrine M Castaldi** ccastaldi@brownrudnick.com
- **Lisa W Chao** lisa.chao@doj.ca.gov
- **Jacquelyn H Choi** jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Christopher J. Dylla** Christopher.Dylla@azag.gov
- **Jeremy Faith** Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **Brian David Fittipaldi** brian.fittipaldi@usdoj.gov
- **Jeffrey Garfinkle** jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Thomas M Geher** tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Andrew Goodman** agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Adam D Grant** agrant@alpertbarr.com, aeichelberger@alpertbarr.com
- **Barbara R Gross** barbara@bgross.law, luz@bgross.law
- **Chad V Haes** chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com
- **D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Richard E Hettinger** rhettinger@davidsontroilo.com
- **Stephen E Hyam** stephen@stephenhyam.net, arvin.setaghaian@offitkurman.com
- **John C Keith** john.keith@doj.ca.gov
- **Raffi Khatchadourian** raffi@hemar-rousso.com
- **Mark J Krone** mk@amclaw.com, maa@amclaw.com;amc@amclaw.com;mea@amclaw.com;ilr@amclaw.com
- **Lewis R Landau** Lew@Landaunet.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Noreen A Madoyan** Noreen.Madoyan@usdoj.gov
- **Craig G Margulies** Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Judith E Marshack** jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack** rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Sandra McBeth (TR)** jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
- **Monserrat Morales** Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **John M O'Donnell** john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **Carmela Pagay** ctp@lnbyg.com
- **Dipika Parmar** dipika.parmar@aissolution.com
- **Kurt Ramlo** kr@lnbyg.com, kr@ecf.courtdrive.com
- **Laura E Robbins** Laura.Robbins@doj.ca.gov, Carolina.Castillo@doj.ca.gov
- **Najah J Shariff** najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **Jay M Spillane** jspillane@spillaneplc.com, cdale@spillaneplc.com;smargetis@spillaneplc.com
- **Don Stecker**
- **Don Stecker** don.stecker@lgbs.com
- **John M Stern** bk-jstern@oag.texas.gov, bk-mbecker@oag.texas.gov
- **Thomas W Stilley** tstilley@sussmanshank.com, jhume@sussmanshank.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 35 of 35

- **United States Trustee (ND)** ustpregion16.nd.ecf@usdoj.gov
- **Timothy J Yoo** tjy@lnbyb.com

**2. SERVED BY UNITED STATES MAIL**: CONTINUED:

**INTERESTED PARTY**
INTERNAL REVENUE SERVICE (IRS)
INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

**INTERSTED PARTY**
CIVIL PROCESS CLERK
UNITED STATES ATTORNEY'S OFFICE FEDERAL BUILDING, ROOM 7516
300 NORTH LOS ANGELES STREET
LOS ANGELES, CA 90012

**INTERESTED PARTY**
UNITED STATES DEPARTMENT OF JUSTICE
BEN FRANKLIN STATION
P. O. BOX 683
WASHINGTON, DC 20044

**INTERESTED PARTY**
LOS ANGELES COUNTY TAX COLLECTOR
P. O. BOX 54110
LOS ANGELES, CA 90054-0110

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**