D. EDWARD HAYS, #162507
ehays@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
SANDRA K. McBETH

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>RAJYSAN, INC. dba MMD EQUIPMENT, a California corporation,<br><br>Debtor. | Case No. 9:17-bk-11363-DS<br><br>Chapter 7<br><br>TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT<br><br>Date:   November 18, 2025<br>Time:  1:00 p.m.<br>Ctrm:  1639<br>Location: Edward R. Roybal Federal Building<br>and United States Courthouse,<br>255 E. Temple St.,<br>Los Angeles, CA 90012 |

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

# TABLE OF CONTENTS

3    1.    Summary of Argument ................................................................................................ 1

4    2.    Factual Background .................................................................................................... 3

5    A.    Bankruptcy Case......................................................................................................... 3

6    B.    McBeth v. Los Angeles County Treasurer and Tax Collector, Case No. 9:18-ap-01049-DS  4

7    C.    The Agreement ........................................................................................................... 6

8    1.    Settlement Payment.. .................................................................................................. 6

9    2.    Dismissal of the LA County AP. ............................................................................... 6

10    3.    Default....................................................................................................................... 6

11    4.    Court Approval. ......................................................................................................... 6

12    5.    Trustee's Release. ...................................................................................................... 7

13    6.    LA County's Release. ................................................................................................ 7

14    7.    California Civil Code § 1542 Waiver ........................................................................ 8

15    8.    No Admission of Liability. ........................................................................................ 8

16    3.    Legal Argument .......................................................................................................... 9

17    A.    The Agreement is in the best interest of creditors and the Estate for purposes of Rule 9019.. 9

18    i.    Probability of Success in the Litigation ............................................................... 10

19    ii.    The difficulties to be encountered in the matter of collection. ............................ 12

20    iii.    The complexity of the litigation involved, and the expense, inconvenience and delay

21    necessarily attending it.................................................................................................. 12

22    iv.    The paramount interest of the creditors and a proper deference to their reasonable views in

23    the premises .................................................................................................................. 14

24    B.    Good cause exists to continue all hearings in the LA County AP. .......................... 15

25    4.    Conclusion ................................................................................................................ 16

26    Declaration of Sandra K. McBeth.................................................................................... 17

27    REQUEST FOR JUDICIAL NOTICE ............................................................................ 20

28

## TABLE OF AUTHORITIES

**Cases**

*Burton v. Ulrich (In re Schmitt)*,
215 B.R. 417, 424 (B.A.P. 9th Cir. 1997) ............................................................ 9

*Donell v. Kowell*,
533 F.3d 762, 773 (9th Cir. 2008) ...................................................................... 14

*Hess v. Port Auth. Trans-Hudson Corp.*,
513 U.S. 30, 47 (1994) ........................................................................................ 10

*In re A & C Properties*,
784 F.2d 1377, 1380-81 (9th Cir. 1986) ............................................................... 9

*In re DBSI, Inc.*,
869 F.3d 1004 (9th Cir. 2017) .............................................................................. 1

*In re Mikkelsen*,
2018 Bankr.LEXIS 2622, at *5-6 (Bankr. D. Idaho Aug. 30, 2018) ................... 9

*In re Morrison*,
69 B.R. 586, 592 (Bankr. E.D. Pa. 1987) ........................................................... 10

*Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*,
115 F.4th 1047 (9th Cir. 2024) ........................................................................... 10

*Mitchell v. Los Angeles Community College District*,
861 F.2d 198 (9th Cir. 1988) .............................................................................. 10

*Montana Dep't of Revenue v. Blixseth (In re Blixseth)*,
112 F.4th 837 (9th Cir. Aug. 14, 2024) ................................................................ 2

*Sato v. Orange Cty. Dep't of Educ.*,
861 F.3d 923, 928 (9th Cir. 2017) ...................................................................... 10

*United States v. Edwards*,
595 F.3d 1004, 1012 (9th Cir. 2010) .................................................................... 9

*United States v. Miller*,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

604 U.S. __, 145 S.Ct. 839 (2025) ............................................................................................ 5

*United States v. Miller*,

604 U.S. __, 145 S.Ct. 839 (March 26, 2025) ......................................................................... 1

*Wright v. Madison Cty. Reg'l Water Dist.*,

2022 U.S.Dist.LEXIS 214765, at *2-3 (W.D. Ark. Nov. 29, 2022) ...................................... 11

*Yong v. INS*,

208 F.3d 1116, 1119 (9th Cir. 2000) ..................................................................................... 15

*Zarate v. Umpqua Bank (In re Zarate)*, 2015 Bankr.LEXIS 4140, at *22-23 (B.A.P. 9th Cir. Dec. 9, 2015) ......................................................................................................................................... 9

**Statutes**

11 U.S.C. § 502(d) ............................................................................................... 4, 11, 20, 21

11 U.S.C. § 544 ............................................................................................................ 1, 5, 14

11 U.S.C. § 548(a)(1)(A) .......................................................................................................... 14

11 U.S.C. § 554(a) ................................................................................................................... 13

11 U.S.C. §§ 544, 550, and 551 ................................................................................ 4, 20, 21

11 U.S.C. §§ 548, 550, and 551 ................................................................................ 4, 20, 21

**Other Authorities**

California Uniform Voidable Transactions Act ........................................................ 4, 14, 21

**Rules**

Fed. R. Bankr. P. 9019 .............................................................................................................. 9

FRBP 7056 ...................................................................................................................... 5, 22

FRCP 56 .......................................................................................................................... 5, 22

LBR 7056-1 ..................................................................................................................... 5, 22

Local Bankruptcy Rule 9013-2(b)(1) ..................................................................................... 12

**Rule 9019** ............................................................................................................................ 9

Rule 9019 of the Federal Rules of Bankruptcy Procedure ...................................................... 9

**Codes**

Cal. Civ. Code §§ 3439.04, et seq................................................................................................ 4, 20

Cal. Civ. Code §§ 3439.05 *et seq*............................................................................................... 4, 21

California Civil Code § 3439 *et seq*................................................................................................ 1

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4887-3240-4624,v.1

1  TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE,

2  THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

3        Sandra K. McBeth, in her capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate

4  ("Estate") of Rajysan, Inc., dba MMD Equipment ("Debtor"), respectfully files this motion

5  ("Motion") to approve the settlement agreement ("Agreement") between the Trustee, on the one

6  hand, and the Los Angeles County Treasurer and Tax Collector ("LA County"), on the other hand.

7  The Trustee and LA County are together referred to as the "Parties." In support of the Motion, the

8  Trustee represents as follows:

9  ## 1.    Summary of Argument

10        A bankruptcy trustee may avoid as fraudulent a debtor's pre-petition transfers where a debtor

11  paid obligations on which it had no liability. In this case, the Debtor is a pass-through corporation.

12  As such, it had no liability for the income taxes owed by its shareholders. Yet, the Debtor paid no

13  less than $115,596.53 of its shareholders' taxes to LA County in the four years prepetition. Because

14  the vast majority of these payments were made more than two years prior to bankruptcy, an

15  adversary proceeding was filed against LA County in September 2018 which included claims under

16  11 U.S.C. § 544 and California Civil Code § 3439 *et seq*. to avoid and recover these fraudulent

17  transfers. The Ninth Circuit had previously held that such transfers were avoidable under state

18  fraudulent transfer laws. *In re DBSI, Inc*., 869 F.3d 1004 (9th Cir. 2017) (holding § 106(a)'s waiver

19  of sovereign immunity extended to an Idaho state law cause of action under § 544(b)(1).

20        In April 2024, the Trustee filed a motion for summary judgment that was heard in August

21  2024 and taken under submission. Prior to the Court entering an order deciding the motion, however,

22  the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. __, 145 S.Ct. 839 (March

23  26, 2025). In *Miller*, the Supreme Court held, under very similar facts, that a bankruptcy estate could

24  not avoid and recover payments made to the IRS more than two years prior to the bankruptcy under

25  11 U.S.C. § 544 because, outside of bankruptcy, the IRS has not waived sovereign immunity to

26  allow creditors to sue it to avoid and recover fraudulent transfers.

27        The Ninth Circuit recently held that an express waiver of sovereign immunity stated on the

28  record in open court by counsel for the IRS was unenforceable because it was not clearly and

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1  unequivocally supported by an expression of waiver set forth in statutory text. *Montana Dep't of*

2  *Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837 (9th Cir. Aug. 14, 2024). As such, it did not

3  appear that the absence of a sovereign immunity defense in its answer would be sufficient for this

4  Court to conclude that LA County's participation in this action for seven years without the assertion

5  would constitute a waiver.

6       Based on the Supreme Court's decision in *Miller* and the Trustee's determination that LA

7  County had likely not waived sovereign immunity to render *Miller* inapplicable, the Trustee

8  determined it was in the best interest of the estate to settle the pending case based on the $16,707.26

9  in transfers made by the Debtor during the 2-year period prior to bankruptcy, plus the additional

10 $98,889.27 of transfers made more than two years but less than or equal to four years prior to

11 bankruptcy (with the total four-year transfers being $115,596.53). The transfers made during the 2-

12 year period remain subject to avoidance because Section 106 clearly waives sovereign immunity

13 with respect to claims under Section 548. After mediation, the parties agreed to settle the case in

14 exchange for a payment by LA County to the estate of $40,000.

15       The Trustee is disappointed for the estate with respect to the outcome of this matter. When it

16 was filed in 2018, there was published Ninth Circuit authority concluding that that such an action

17 could be prosecuted for the benefit of creditors. But, the intervening decisions by the Supreme Court

18 decision in *Miller* and the Ninth Circuit in *Blixseth* have resulted in the proposed compromise being

19 the estate's best course of action at this juncture.

20       A bankruptcy trustee's proposed compromise should be approved if it is in the best interest

21 of the estate and is "fair and equitable" for creditors. In determining whether an agreement is fair and

22 equitable for the creditors, courts assess the following four factors: (1) the probability of success of

23 the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the

24 complexity of the litigation involved, and the expense, inconvenience and delay necessarily

25 attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable

26 views in the premises. A bankruptcy trustee may exercise her business judgment in agreeing to a

27 proposed compromise.

28

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1    Were the Agreement not approved, the Trustee would be forced to proceed with litigation in

2  the LA County AP. Specifically, the Trustee would be required to request that the Court issue its

3  decision on the pending summary judgment motion, which is fully briefed and awaiting a ruling.

4  But, for the reasons set forth above, the Trustee does not believe that the probability of success

5  would favor the estate. Further, the sovereign immunity defense is highly factual, making it less

6  likely that the Trustee will prevail on the summary judgment motion due to disputed issues of fact. If

7  the Court were to deny summary judgment, proceeding to trial on a $115,596.53 claim makes little

8  economic sense. The attorney's fees incurred in connection with a pretrial stipulation and

9  conference, trial (including pre- and post-trial briefing), and a likely appeal would exceed the

10  estate's best-case recovery.

11    Based on the foregoing, the Trustee's business judgment under the circumstances is that the

12  compromise set forth in the Agreement is in the best interest of creditors and the Estate. The Trustee

13  respectfully requests that the Court approve the Agreement in its entirety.

14    This Motion is one of three motions to approve compromises being filed concurrently. The

15  Trustee is likewise filing a motion to approve a compromise with the Sahanis (for whose benefit the

16  Debtor made the tax transfers including those at issue in the LA County litigation), and a motion to

17  approve a compromise with the United States of America, on behalf of its agency, the Internal

18  Revenue Service.

19  **2.    Factual Background**

20    **A.    Bankruptcy Case**

21    On July 29, 2017, Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition,

22  commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy

23  Case").

24    On May 14, 2019, at Docket No. 410 in the Bankruptcy Case, the Court entered an order

25  approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

26    On February 14, 2022, at Docket No. 666 in the Bankruptcy Case, the Court entered an

27  "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter

28  7."

Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

**B.     McBeth v. Los Angeles County Treasurer and Tax Collector, Case No. 9:18-ap-01049-DS**

On September 19, 2018, the Committee filed a "Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)]" against the Los Angeles County Treasurer and Tax Collector (defined above as "LA County"), initiating Adversary Proceeding No. 9:18-ap-01049-DS ("LA County AP").

On October 10, 2018, as LA County AP Docket No. 6, the Committee filed a first amended complaint ("LA County Complaint") against LA County. An amended LA County Complaint with redacted personal identifiers is filed as LA County AP Docket No. 78. The LA County Complaint alleges the following claims:

(1) First Claim for Relief, for Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

(2) Second Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

(3) Third Claim for Relief, for Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04 *et seq.*;

(4) Fourth Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.05 *et seq.*; and

(5) Fifth Claim for Relief, for Disallowance of Claim, pursuant to 11 U.S.C. § 502(d).

The LA County Complaint identifies no less than $116,038.42 of alleged fraudulent transfers. Of these transfers, however, a $441.89 transfer occurred more than four-years prepetition, meaning that the transfers within four years before the petition date totaled $115,596.53. The alleged two-year transfers subject to avoidance pursuant to the Trustee's § 548 claims total $16,707.26.

4

1    On November 20, 2018, as LA County AP Docket No. 17, LA County filed its answer to the

2   LA County Complaint.

3    Pursuant to an order of the Court, LA County AP Docket No. 141, Trustee is the plaintiff and

4   real party-in-interest in the LA County AP.

5    Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017,

6   Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis") are intervenor

7   defendants in the LA County AP, which is currently pending. *See* LA County AP Docket No. 37.

8    On April 26, 2024, Trustee filed a "Motion for Summary Judgment or, Alternatively,

9   Summary Adjudication" ("MSJ"), with supporting documents. LA County AP Docket Nos. 303-310.

10   The LA County MSJ pertains to Counts 1-5.

11    On May 22, 2024, the Sahanis filed their Opposition pursuant to LBR 7056-1; FRBP 7056

12   and FRCP 56 to the MSJ, with supporting documents. LA County AP Docket Nos. 319-25, 329.

13    On May 22, 2024, as Docket No. 327, LA County filed its Response to the MSJ.

14    On May 29, 2024, the Trustee filed an "Omnibus Reply to Oppositions to Trustee's Motion

15   for Summary Judgment or, Alternatively, Summary Adjudication," with supporting documents. LA

16   County AP Docket Nos. 332-36, 338.

17    On October 29, 2024, the Trustee filed a "Notice of Recent Decision Re: Plaintiff's Motion

18   for Summary Judgment or, Alternatively, Summary Adjudication." LA County AP Docket No. 349.

19    On November 5, 2024, the Sahanis filed a "Response to Plaintiff's Notice of Recent Decision

20   Re: Plaintiff's Motion for Summary Judgment or, Alternatively, Summary Adjudication." LA

21   County AP Docket No. 350.

22    On March 26, 2025, the Supreme Court issued its decision in *United States v. Miller*, 604

23   U.S. __, 145 S.Ct. 839 (2025). In *Miller*, in a very similar fact pattern, the Supreme Court held that a

24   bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to

25   the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived

26   sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent

27   transfers. Specifically, *Miller* held that the Bankruptcy Code abrogates sovereign immunity only

28   with respect to the federal cause of action created by the subsection of the Code enabling a

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

bankruptcy trustee to step into the shoes of a creditor and avoid certain transfers that would be "voidable under applicable law," not with respect to the underlying state-law claims that supply the "applicable law" for that federal cause of action. The *Miller* decision has substantially affected the viability of the Trustee's claims in the LA County AP.

Due largely in part to the Supreme Court's ruling in the *Miller* Case, the Trustee has agreed with LA County to fully and finally resolve the LA County AP, subject to Bankruptcy Court approval.

## C.    The Agreement

The Parties have executed the Agreement to resolve the LA County AP in its entirety. A true and correct copy of the Agreement is attached to the McBeth Declaration as **Exhibit 1**. In furtherance of this objective, the Agreement contains the following terms:

1.    **Settlement Payment.** No later than 90 days after entry of a Court order approving this Agreement that is final (*i.e.*, no longer subject to appeal), LA County shall pay $40,000.00 to the Trustee ("Payment"). The Payment shall be paid via check paid to the order of "Sandra K. McBeth, Chapter 7 Trustee," and mailed to Sandra K. McBeth, A Professional Law Corporation, 7343 El Camino Real, #185, Atascadero, CA 93422.

2.    **Dismissal of the LA County AP.** No later than 10 calendar days after the later of Trustee's receipt of the Payment and entry of a final Court order approving this Agreement, the Trustee and LA County shall promptly execute a Stipulation of Dismissal of the LA County AP pursuant to Fed. R. Civ. P. 41, which shall cause the LA County AP to be dismissed with prejudice, with each Party to bear its own attorneys' fees and costs of suit.

3.    **Default.** If LA County does not timely make the Payment, then the Trustee shall serve its counsel, Jacquelyn H. Choi, Esq., via email with a Notice of Default. LA County shall have seven calendar days after service of the Notice of Default to cure any default. Should LA County fail to timely cure the default, this Agreement shall be null and void in its entirety.

4.    **Court Approval.** The Parties acknowledge and agree that Bankruptcy Court approval of this Agreement and the entry of a final and non-appealable order in form and content satisfactory to the Parties is a necessary condition precedent to its effectiveness. The Trustee shall be responsible

for preparation and filing of a motion to seek approval of this Agreement. If the Agreement is not

approved in its entirety, whether due to an order of the Bankruptcy Court or an appellate court, then

the Trustee shall promptly return any amount of the Payment received from LA County to LA

County, and the Trustee and LA County shall retain any and all of their respective rights.

5.   **Trustee's Release.** Except for the obligations contained in this Agreement, and upon

both Trustee's receipt of the Payment and final Court approval of this Agreement, the Trustee, on

behalf of the Debtor and Debtor's Estate, releases and discharges LA County from any and all actual

or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs,

expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever, whether

known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that

could have been asserted against LA County by the Trustee or the Debtor related in any manner to

the Debtor, the LA County AP or the Bankruptcy Case which existed at any time prior to the

execution of this Agreement, including, without limitation, any claims under Chapter 5 of the

Bankruptcy Code or comparable state statutes. The Trustee acknowledges that she or her attorneys

may hereafter discover facts different from or in addition to the facts that she now knows or believes

to be true as to the subject matter of this Agreement, but that it is Trustee's intention to hereby fully

and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such

different or additional facts. The Trustee cannot, and does not purport to, release any claims held by

LA County to seek to recover from the Sahanis or any other person or entities under applicable state

law with respect to the Payment referenced in Paragraph 1 of this Agreement in order to settle the

LA County AP, including, without limitation, any and all right(s) to issue an unsecured property tax

bill arising under or related to the Payment and all of LA County's rights are expressly reserved.

6.   **LA County's Release.** Except for the obligations contained in this Agreement, and

upon both Trustee's receipt of the Payment and final Court approval of this Agreement, LA County

releases and discharges the Trustee, the Debtor and the Debtor's Estate, and the Trustee's agents,

employees and attorneys employed in the Debtor's bankruptcy case in their capacities as such

(collectively, the "Trustee Released Parties"), from any and all actual or potential claims, demands,

1   obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities,

2   and indemnities, whether known or unknown, suspected or unsuspected, arising from or relating in

3   any way to the bankruptcy case including any claims asserted or that could have been asserted

4   against the Trustee Released Parties by LA County solely related to the Debtor, the LA County AP

5   or the Bankruptcy Case at any time prior to the execution of this Agreement. LA County

6   acknowledges that it or its attorneys may hereafter discover facts different from or in addition to the

7   facts that it now knows or believes to be true as to the subject matter of this Agreement, but that it is

8   its intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding

9   the discovery of any such different or additional facts.  For the avoidance of doubt, LA County's

10  release(s) referenced herein are not intended to and shall not be construed as LA County's agreement

11  to release any property tax obligations whether arising prior to or after the execution of this

12  Agreement by any person or entities.

13         7.    **California Civil Code § 1542 Waiver.** Notwithstanding the discovery by either Party

14  of any such additional or different facts, the Parties certify that they have read Section 1542 of the

15  California Civil Code set forth below:

16         **A general release does not extend to claims that the creditor or releasing party**

17         **does not know or suspect to exist in his or her favor at the time of executing the**

18         **release and that, if known by him or her, would have materially affected his or**

19         **her settlement with the debtor or released party.**

20  The Parties do hereby waive application of Section 1542 of the California Civil Code and any other

21  statutes, common law rights, rules or the like which may operate to limit the intent of this Agreement

22  with respect to the claims released in Sections 5 and 6 above. The Parties understand and

23  acknowledge the significance and consequence of this waiver of Section 1542 of the California Civil

24  Code is that even if they should eventually suffer additional damages on account of the claims

25  released in Sections 5 and 6 above, they will not be permitted to make any claim for such damages.

26         8.    **No Admission of Liability.** Nothing in this Agreement shall be construed as an

27  admission of liability by any Party to the Agreement.  By entering into this Agreement, LA County

28  does not concede that the *Miller* decision is not applicable to LA County's interests whether in the

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1    LA County AP or otherwise.

2        The full terms of the Agreement are set forth in Exhibit 1 to the McBeth Declaration.

3  **3.      Legal Argument**

4      **A.      The Agreement is in the best interest of creditors and the Estate for**

5          **purposes of Rule 9019.**

6        Under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), the court may

7  approve a compromise or settlement on motion by the trustee. Fed. R. Bankr. P. 9019. A

8  compromise should be approved if it is in the best interest of the estate and is "fair and equitable" for

9  the creditors. *Wells Fargo Bank, N.A. v. Guy F. Atkinson Co. (In re Guy F. Atkinson Co.)*, 242 B.R.

10  497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of

11  whether the compromise is in the best interest of the estate."); *Burton v. Ulrich (In re Schmitt)*, 215

12  B.R. 417, 424 (B.A.P. 9th Cir. 1997). "In determining the fairness, reasonableness and adequacy of a

13  proposed settlement agreement, the court must consider:

14      (a)      the probability of success of the litigation;

15      (b)      the difficulties, if any, to be encountered in the matter of collection;

16      (c)      the complexity of the litigation involved, and the expense, inconvenience and delay

17          necessarily attending it; [and]

18      (d)      the paramount interest of the creditors and a proper deference to their reasonable

19          views in the premises."

20  *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986); *United States v. Edwards*, 595 F.3d

21  1004, 1012 (9th Cir. 2010) (same).

22        A trustee can exercise his business judgment to settle claims at any time, based on his

23  evaluation of the case. *Zarate v. Umpqua Bank (In re Zarate)*, 2015 Bankr.LEXIS 4140, at *22-23

24  (B.A.P. 9th Cir. Dec. 9, 2015) (noting also that the trustee "must be permitted to use his business

25  acumen and judgment in the best interest of the estate"); *see also In re Mikkelsen*, 2018

26  Bankr.LEXIS 2622, at *5-6 (Bankr. D. Idaho Aug. 30, 2018) (approving a proposed compromise

27  that was "reasonable and within Trustee's proper exercise of business judgment"). A settlement

28  negotiated by a trustee, as a representative of the estate, is entitled to deference. *In re Morrison*, 69

9

B.R. 586, 592 (Bankr. E.D. Pa. 1987).

### i.        Probability of Success in the Litigation

Counts 1-4 assert fraudulent transfer claims against LA County. Were the Agreement not approved, the Trustee would request a ruling on the pending MSJ. While the Ninth Circuit, in *Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*, 115 F.4th 1047 (9th Cir. 2024), affirmed an order granting summary judgment to the trustee on a fraudulent transfer claim, the court also acknowledged the uphill battle trustees face in obtaining summary judgment on such claims:

> Questions involving a person's state of mind, e.g., whether a party knew or should have known of a particular condition, are generally factual issues inappropriate for resolution by summary judgment. [Citation.] However, where the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment. [Citation.]

*Id.* at 1058 (internal quotation marks omitted). The Trustee believes that this is the rare case with direct evidence of fraudulent intent for the reasons set forth in the MSJ, but the Sahanis deny any wrongdoing or fraudulent intent, and both the Sahanis and LA County have opposed the MSJ.

Further, LA County has indicated that it may assert a sovereign immunity defense based on the Supreme Court's *Miller* decision. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017). Agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court. *Id.* State sovereign immunity does not extend to county and municipal governments, unless state law treats them as arms of the state. *Id.*; *accord Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994) ("Political subdivisions exist solely at the whim and behest of their state, yet cities and counties do not enjoy Eleventh Amendment immunity.") (internal quotation marks and citations omitted). To determine whether a government entity is an arm of the state, courts examine the five factors set forth in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988):

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

(1) Whether a money judgment would be satisfied out of state funds;

(2) Whether the entity performs central government functions;

(3) Whether the entity may sue or be sued;

(4) Whether the entity has the power to take property in its own name or only the name of the state; and

(5) The corporate status of the entity.

*Sato*, 861 F.3d at 928-29. The party asserting Eleventh Amendment immunity from suit has the initial burden of establishing its status as an arm of the state. *Wright v. Madison Cty. Reg'l Water Dist.*, 2022 U.S.Dist.LEXIS 214765, at *2-3 (W.D. Ark. Nov. 29, 2022). At this point, it remains to be seen how *Miller* may affect the Trustee's § 548 claims against LA County. But, it can be said that *Miller* adds substantial uncertainty given that no discovery has been conducted regarding a sovereign immunity defense. If LA County successfully establishes a sovereign immunity defense, then the Trustee will be limited to avoiding the two-year transfers in the total amount of $16,707.26. LA County's assertion of a fact-driven sovereign immunity defense may preclude the Court from ruling on the pending MSJ as well.

Success on Count 5 is more or less automatic should the Trustee prevail on Counts 1-4. Title 11 U.S.C. § 502(d) provides that "the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section 544 [or] 548 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 of this title." That said, § 502(d) only disallows any claim asserted by LA County unless or until it timely repays any avoidable transfers. As set forth above, the two-year transfers total $16,707.26, and the four-year transfers (not including the two-year transfers) total $98,889.27. Even if the Trustee prevails on all her litigation claims, for all practical purposes, there is limited success to be had on Count 5.

Because success in the LA County AP depends on succeeding on questions of fact via summary judgment, and resolution of a sovereign immunity defense which will be costly and unpredictable to litigate, this factor favors granting the Motion. Specifically, the Agreement provides

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1   for 100% recovery on the two-year transfers not subject to a sovereign immunity defense, plus

2   additional recovery on the four-year transfers where it is possible that the Estate would otherwise

3   recover nothing at all due to *Miller*.

4               **ii.    The difficulties to be encountered in the matter of collection.**

5          The Trustee believes that LA County can and will satisfy any judgment against it. Further,

6   for reasons explained elsewhere in this Motion, any discussion of actual collection is purely

7   academic because for all practical purposes the Trustee's claims against LA County are at this point

8   worthless due to the administrative expense continued litigation would entail. The Agreement

9   provides for payment of $40,000 by LA County no later than 90 days after entry of a final Court

10  order approving the Agreement. This factor supports approval of the Agreement.

11              **iii.    The complexity of the litigation involved, and the expense,**

12                      **inconvenience and delay necessarily attending it**

13         The litigation with LA County is very complicated. The Trustee's MSJ totaled 34 pages (one

14  page shy of the maximum permissible under Local Bankruptcy Rule 9013-2(b)(1), absent a court

15  order otherwise), plus thousands of additional pages of supporting evidence. Were the Trustee to

16  proceed to trial, the volume of the briefing and supporting evidence would reach similar lengths as

17  the MSJ, especially considering that the parties have not even briefed or conducted discovery on a

18  sovereign immunity defense. As discussed above, applicability of the sovereign immunity defense is

19  very fact-dependent, meaning that there would likely need to be supplemental discovery focused on

20  the arm-of-the-state doctrine. Any additional discovery will just add further delay and complexity

21  and erode any possible recovery to the Estate.

22         The Trustee and LA County each estimate that it would take 1-2 days to present their

23  respective sides of the case at trial, *see* LA County AP Docket No. 359 at 2 (joint status report filed

24  on March 27, 2025), meaning that trial could potentially take four days (and more for

25  opening/closing arguments, any evidence put on by the Sahanis,[1] and any oral ruling by the Court).

26  The Trustee would have at least two attorneys present at trial (D. Edward Hays, Esq., who bills at an

27

28  _____
[1] Per the Sahanis' status report filed on April 2, 2024, as Docket No. 292, the estimate of the time
required to present their side of the case at trial is to be determined.

1  hourly rate of $770, and Bradford N. Barnhardt, Esq., who bills at an hourly rate of $470, subject to

2  increase by the time of any trial). Four days of trial for eight hours a day would cost $39,680 for the

3  trial alone, not to mention the pretrial stipulation and briefing, trial preparation, and travel time/hotel

4  expenses for Downtown Los Angeles. Plus, given the complexity of the pending claims and

5  defenses, there is a strong likelihood that posttrial briefing would be ordered, leading to further

6  expense and delay. Even if the Trustee were to prevail at trial, LA County and/or the Sahanis would

7  likely appeal, emmeshing the Trustee in complicated appellate litigation that could add years of

8  delay and significant expense. Simply put, it will cost more than the best-case recovery

9  ($115,596.53) to take this case to trial, especially considering that there will need to be litigation

10  regarding the sovereign immunity defense. The Trustee previously believed that there were certain

11  efficiencies to be had given the factual overlap among the LA County AP and the IRS and Sahani

12  adversary proceedings, but those matters are also settling, with motions to approve the compromises

13  being filed concurrently herewith.

14      As such, if the Trustee does not succeed on the MSJ—and success on the MSJ looks less

15  likely due to the Supreme Court's intervening decision in *Miller* and the factual issues raised by the

16  sovereign immunity defense that may preclude summary judgment—the Trustee will likely have no

17  choice but to abandon the litigation claims against LA County as burdensome or of inconsequential

18  value and benefit to the Estate. *See generally* 11 U.S.C. § 554(a) ("After notice and a hearing, the

19  trustee may abandon any property of the estate that is burdensome to the estate or that is of

20  inconsequential value and benefit to the estate.").

21      This Motion is also being drafted during a government shutdown, with the courts maintaining

22  "limited operations necessary to perform the Judiciary's constitutional functions." *See generally*

23  *https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-*

24  *limited-operations-continue?utm_campaign=usc-*

25  *news&utm_medium=email&utm_source=govdelivery* (published on Oct. 17, 2025). There is no

26  telling when the shutdowns will end. The ongoing shutdowns have the potential to further delay

27  resolution of the LA County AP.

28

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

The Agreement provides for a $40,000 payment to the Trustee payable within 90 days after entry of a final Court order approving the Agreement. More importantly, the Agreement binds LA County to pay the Trustee without the need for further litigation. This factor alone should establish sufficient cause for approval of the Agreement.

### iv.  The paramount interest of the creditors and a proper deference to their reasonable views in the premises

Post-*Miller*, a good recovery for the creditors will be extremely difficult to obtain. Specifically, $98,889.27 of the transfers at issue in the LA County AP occurred more than two years before bankruptcy, meaning that they are only subject to avoidance pursuant to 11 U.S.C. § 544 and the California Uniform Voidable Transactions Act ("UVTA"). *Compare* 11 U.S.C. § 548(a)(1)(A) (limiting the avoidable transfers to those made or incurred on or within 2 years before the date of the filing of the petition), *with Donell v. Kowell*, 533 F.3d 762, 773 (9th Cir. 2008) (noting that an action under § 3439.04(a)(1) or § 3439.04(a)(2) of the UVTA must be brought within four years after the transfer was made). As discussed above, in *Miller*, in a very similar fact pattern, the Supreme Court held that a bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent transfers. Because of *Miller*, LA County may be able to assert a sovereign immunity defense which would effectively limit the avoidable transfers to the $16,707.26 in two-year transfers. Further, overcoming LA County's sovereign immunity defense will require significant discovery and briefing, all at the expense of the Estate.

Under these circumstances, there is no way to get a great result for the creditors with a $115,596.53 best-case amount in controversy. But-for the Agreement, the Trustee would request a ruling on the MSJ, which, if granted, would give the Trustee judgment for $115,596.53. But, administrative expenses will be incurred to appear for any further hearings and lodge the order and judgment, and an appeal would detract from any recovery. Further, the Trustee does not believe that the MSJ is likely to be granted without at the very least further discovery and briefing on LA County's sovereign immunity defense. Continued litigation would therefore result in priority

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

administrative expenses far beyond the best-case recovery, which would be a terrible result for creditors.

The Agreement covers the Trustee's expenses in attending the mediation, drafting the Agreement and this Motion, and effectuating dismissal of the LA County AP, with additional funds left over for the Estate. Frankly put, there will not be a better net result for the creditors because any greater recovery to the Estate will require even more priority administrative expenses. This factor supports approval of the Agreement.

## B.    Good cause exists to continue all hearings in the LA County AP.

The Court has the inherent authority to control its docket and calendar. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). There is currently a status conference and hearing on the MSJ in the LA County AP, set for December 16, 2025, at 1:00 p.m. LA County AP Docket No. 385. The Agreement, however, provides for dismissal of the LA County AP with prejudice within 10 days after the later of Trustee's receipt of the settlement payment and entry of a final Court order approving the Agreement. Agreement, § 2. To conserve resources, if the Agreement is approved, all pending hearings in the LA County AP should be continued from December 16, 2025, to a date on or after April 13, 2026,[2] that is convenient for the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Such a continuance allows 7 days after the hearing on this Motion for the order to be lodged and entered, 14 days after entry for the order granting this Motion to become final, 90 days thereafter for LA County to make its payment to the Trustee, and 10 days after that for the stipulation of dismissal of the LA County AP to be filed.

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

**4.      Conclusion**

All applicable *A&C Properties* factors support approval of the Agreement. Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1.      Granting the Motion;

2.      Approving the Agreement attached to the McBeth Declaration as Exhibit 1;

3.      Continuing all pending hearings in the LA County AP, currently set for December 16, 2025, to a date on or after April 13, 2026, that is convenient for the Court, with appearances waived at the hearings on December 16, 2025; and

4.      For such other and further relief as the Court deems just and proper under the circumstances of this case.


Dated: October 28, 2025                          Respectfully submitted,

                                                 MARSHACK HAYS WOOD LLP


                                                 By: */s/ Bradford N. Barnhardt*
                                                     D. EDWARD HAYS
                                                     CHAD V. HAES
                                                     BRADFORD N. BARNHARDT
                                                     Attorneys for Chapter 7 Trustee,
                                                     SANDRA K. McBETH

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

# Declaration of Sandra K. McBeth

I, SANDRA K. McBETH, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

3.      I am the duly appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate ("Estate") of Rajysan, Inc., dba MMD Equipment ("Debtor").

4.      I make this Declaration in support of the Motion to Approve Settlement Agreement with the Los Angeles County Treasurer and Tax Collector ("Motion"). All terms not otherwise defined in this Declaration are used as they are defined in the Motion.

5.      Pursuant to an order of the Court, I am the plaintiff and real party-in-interest in the LA County AP (solely in my capacity as Chapter 7 Trustee of the Estate).

6.      On or about September 30, 2025, I executed a settlement agreement ("Agreement") with LA County. A true and correct copy of the Agreement is attached as **Exhibit 1**.

7.      The Agreement was drafted following a full-day mediation with LA County and its counsel, mediated by Leonard Gumport, Esq. The Agreement was the product of arms'-length negotiation among myself and my counsel and LA County and its counsel during and after mediation.

8.      For the following reasons, I believe in my business judgment that the compromise set forth in the Agreement is in the best interest of creditors and the Estate.

9.      The Agreement provides for LA County to pay $40,000 to the Estate no later than 90 days after entry of a final Court order approving the Agreement. The Agreement further provides for dismissal of the LA County AP with prejudice within 10 calendar days after the later of my receipt of LA County's payment and entry of a final Court order approving the Agreement.

10.     The $40,000 should cover the expenses of my counsel to attend mediation with LA County, prepare the Agreement and this Motion, and effectuate dismissal of the LA County AP, with a recovery left over for the estate. Under the circumstances, I believe in my business judgment that

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1   this is the best possible result for the creditors and the Estate for the reasons explained in this

2   Declaration.

3        11.    The LA County Complaint identifies no less than $116,038.42 of alleged fraudulent

4   transfers. Of these transfers, however, a $441.89 transfer occurred more than four-years prepetition,

5   meaning that the transfers within four years before the petition date totaled $115,596.53. The alleged

6   two-year transfers subject to avoidance pursuant to my § 548 claims total $16,707.26.

7        12.    Were the Agreement not approved, I would proceed with the hearing on my pending

8   summary judgment motion which is fully briefed. But, the best-case result is a judgment to the

9   Estate for $115,596.53, and priority administrative expenses will be incurred in connection with the

10  ongoing summary judgment proceedings. If any parties appeal the summary judgment, I will have to

11  consider abandoning the claims due to the administrative expenses that will be entailed in defending

12  the judgment. And, I understand that success on the summary judgment motion is far from

13  guaranteed due to the presence of factual issues such as intent, in addition to LA County's assertion

14  of a sovereign immunity defense based on the Miller Case. Specifically, I understand that LA

15  County intends to raise a sovereign immunity defense based on the Miller Case. Based on the

16  authority I have reviewed, whether LA County may successfully invoke a sovereign immunity

17  defense is very fact-specific. At this point, the parties have conducted no discovery in connection

18  with a sovereign immunity defense. It is therefore difficult to say at this juncture whether LA County

19  will be able to successfully establish a sovereign immunity defense to limit the avoidable transfers to

20  just those made within two years before the petition date. But, what can be said is that a sovereign

21  immunity defense would create additional factual issues that may preclude entry of summary

22  judgment. Further, discovery on a sovereign immunity defense would be complex, dilatory, and

23  expensive. Thus, the Miller Case not only makes success on the MSJ less likely, but will add to the

24  expense of litigation.

25  / / /

26  / / /

27  / / /

28

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

1    13.    I also understand that proceeding to trial would result in the Estate incurring more

2  than $115,596.53 in priority administrative expenses. An appeal would further increase

3  administrative expenses. Therefore, were I not to succeed on the summary judgment motion—and

4  post-*Miller* it looks less likely that I will—I would likely have no choice but to abandon the pending

5  litigation claims against LA County as being burdensome or of inconsequential value and benefit to

6  the Estate.

7    14.    Unfortunately, I believe that due to *Miller*, there is not a better result to be had for the

8  creditors and the Estate than what is set forth in the Agreement. At least the Agreement provides for

9  100% recovery of the two-year transfers plus an additional amount for the four-year transfers. The

10  $40,000 payment will more than cover the administrative expenses in dismissing the LA County

11  Case.

12    15.    For the foregoing reasons, I believe, in my business judgment, that the compromise

13  set forth in the Agreement is in the best interest of creditors in the Estate, and I respectfully request

14  that the Court grant my Motion and approve the Agreement in its entirety.

15    I declare under penalty of perjury that the foregoing is true and correct. Executed on October

16  28, 2025.

17                     SANDRA K. MCBETH

## REQUEST FOR JUDICIAL NOTICE

Sandra K. McBeth, in her capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of the Rajysan, Inc., dba MMD Equipment ("Debtor") in the above-captioned bankruptcy case, requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following:

1.      On July 29, 2017, Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition, commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy Case").

2.      On May 14, 2019, at Docket No. 410 in the Bankruptcy Case, the Court entered an order approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

3.      On February 14, 2022, at Docket No. 666 in the Bankruptcy Case, the Court entered an "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter 7."

4.      Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

5.      On September 19, 2018, the Committee filed a "Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)]" against the Los Angeles County Treasurer and Tax Collector (defined above as "LA County"), initiating Adversary Proceeding No. 9:18-ap-01049-DS ("LA County AP").

6.      On October 10, 2018, as LA County AP Docket No. 6, the Committee filed a first amended complaint ("LA County Complaint") against LA County.

7.      An amended LA County Complaint with redacted personal identifiers is filed as LA County AP Docket No. 78.

8.      The LA County Complaint alleges the following claims:

    a.   First Claim for Relief, for Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

    b.   Second Claim for Relief, for Avoidance, Recovery, and Preservation of

Constructive Fraudulent Transfers, pursuant to 11 U.S.C. §§ 548, 550, and 551;

    c.   Third Claim for Relief, for Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04 *et seq.*;

    d.   Fourth Claim for Relief, for Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers Under the California Uniform Voidable Transactions Act, pursuant to 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.05 *et seq.*; and

    e.   Fifth Claim for Relief, for Disallowance of Claim, pursuant to 11 U.S.C. § 502(d).

9.    The LA County Complaint identifies no less than $116,038.42 of alleged fraudulent transfers.

10.    Of these transfers, a $441.89 transfer occurred more than four-years prepetition, meaning that the transfers within four years before the petition date totaled $115,596.53.

11.    The alleged two-year transfers total $16,707.26.

12.    On November 20, 2018, as LA County AP Docket No. 17, LA County filed its answer to the LA County Complaint.

13.    Pursuant to an order of the Court, LA County AP Docket No. 141, Trustee is the plaintiff and real party-in-interest in the LA County AP.

14.    Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis") are intervenor defendants in the LA County AP, which is currently pending. *See* LA County AP Docket No. 37.

15.    On April 26, 2024, Trustee filed a "Motion for Summary Judgment or, Alternatively, Summary Adjudication" ("MSJ"), with supporting documents. LA County AP Docket Nos. 303-310.

16.    The MSJ pertains to Counts 1-5.

21

17.    The MSJ totaled 34 pages, plus thousands of additional pages of supporting evidence.

18.    On May 22, 2024, the Sahanis filed their Opposition pursuant to LBR 7056-1; FRBP 7056 and FRCP 56 to the MSJ, with supporting documents. LA County AP Docket Nos. 319-25, 329.

19.    On May 22, 2024, as Docket No. 327, LA County filed its Response to the MSJ.

20.    On May 29, 2024, the Trustee filed an "Omnibus Reply to Oppositions to Trustee's Motion for Summary Judgment or, Alternatively, Summary Adjudication," with supporting documents. LA County AP Docket Nos. 332-36, 338.

21.    On October 29, 2024, the Trustee filed a "Notice of Recent Decision Re: Plaintiff's Motion for Summary Judgment or, Alternatively, Summary Adjudication." LA County AP Docket No. 349.

22.    On November 5, 2024, the Sahanis filed a "Response to Plaintiff's Notice of Recent Decision Re: Plaintiff's Motion for Summary Judgment or, Alternatively, Summary Adjudication." LA County AP Docket No. 350.

23.    The Trustee and LA County each estimate that it would take 1-2 days to present their respective sides of the case at trial. *See* LA County AP Docket No. 359 at 2 (joint status report filed on March 27, 2025).

24.    Per the Sahanis' status report filed on April 2, 2024, as Docket No. 292, the estimate of the time required to present their side of the case at trial is to be determined.

25.    There is currently a status conference and hearing on the MSJ in the LA County AP, set for December 16, 2025, at 1:00 p.m. LA County AP Docket No. 385.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

26.     The United States government is currently shut down, with the courts maintaining "limited operations necessary to perform the Judiciary's constitutional functions." *See generally* *https://www.uscourts.gov/data-news/judiciary-news/2025/10/17/judiciary-funding-runs-out-only-limited-operations-continue?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery* (published on Oct. 17, 2025).

DATED:  October 28, 2025                    MARSHACK HAYS WOOD LLP


By:  */s/ Bradford N. Barnhardt*
         D. EDWARD HAYS
         CHAD V. HAES
         BRADFORD N. BARNHARDT
         Counsel for Sandra K. McBeth, Chapter 7
         Trustee

MOTION TO APPROVE COMPROMISE (LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR)
4932-8270-5525,v.1

EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Sandra K. McBeth, solely in her capacity as the duly appointed, qualified, and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of debtor, Rajysan, Inc. dba MMD Equipment ("Debtor"), on the one hand, and the Los Angeles County Treasurer and Tax Collector ("LA County"), on the other hand. The Trustee and LA County are together referred to as the "Parties."

## RECITALS

**Bankruptcy Case**

A.     On July 29, 2017 ("Petition Date"), Rajysan, Inc. ("Debtor") filed a voluntary Chapter 11 petition, commencing *In re Rajysan, Inc., dba MMD Equipment*, Case No. 9:17-bk-11363 ("Bankruptcy Case").

B.     Amarjit Sahani, Rajinder Sahani, and Gurpreet Sahani were all shareholders of the Debtor prior to bankruptcy.

C.     The Debtor is a pass-through entity and does not owe income tax. Instead, all income passes through to its shareholders who are responsible for payment of income taxes.

D.     On May 14, 2019, as Docket No. 410, the Court entered an order approving the appointment of Sandra K. McBeth as the Chapter 11 trustee.

E.     On February 14, 2022, as Docket No. 666, the Court entered an "Order Granting Chapter 11 Trustee's Motion for an Order Converting Chapter 11 Case to Chapter 7."

F.     Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee of the Estate.

**McBeth v. Los Angeles County Treasurer and Tax Collector, Case No. 9:18-ap-01049-DS**

G.     On September 19, 2018, the Official Committee of Unsecured Creditors ("Committee") filed an adversary complaint against LA County, commencing Adversary Proceeding No. 9:18-ap-01049-DS ("LA County AP").

H.     On October 10, 2018, as LA County AP Docket No. 6, the Committee filed a first amended complaint ("LA County Complaint") against LA County. An amended LA County Complaint with redacted personal identifiers is filed as LA County AP Docket No. 78. The LA County Complaint includes claims for relief to avoid and recover alleged fraudulent transfers consisting of certain of the Debtor's payments to LA County of the tax debts owed by Gurpreet Sahani, Gurpreet Sahani as Trustee of the Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, the "Sahanis"); specifically, $16,707.26 of transfers made within two years before the Petition Date (consisting of check no.

33343 in the amount of $8,751.42 dated on or around January 1, 2016 and check no. 33947 in the amount of $7,955.84 dated on or around March 25, 2016), and $116,038.42 of transfers made within six years before the Petition Date (which amount includes the two-year transfers).

      I.      On November 20, 2018, as LA County AP Docket No. 17, LA County filed its answer to the LA County Complaint.

      J.      Pursuant to an order of the Court, LA County AP Docket No. 141, Trustee is the plaintiff and real party-in-interest in the LA County AP.

      K.      The Sahanis are intervenor defendants in the LA County AP. *See* LA County AP Docket No. 37.

      L.      The LA County AP remains pending.

**Intervening Supreme Court Holding**

      M.      On March 26, 2025, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. __, 145 S.Ct. 839 (2025). In *Miller*, in a very similar fact pattern, the Supreme Court held that a bankruptcy estate cannot avoid and recover payments made to the IRS more than two years prior to the bankruptcy under 11 U.S.C. § 544 because outside of bankruptcy, the IRS has not waived sovereign immunity to allow creditors to sue them to avoid and recover allegedly fraudulent transfers. Specifically, *Miller* held that the Bankruptcy Code abrogates sovereign immunity only with respect to the federal cause of action created by the subsection of the Code enabling a bankruptcy trustee to step into the shoes of a creditor and avoid certain transfers that would be "voidable under applicable law," not with respect to the underlying state-law claims that supply the "applicable law" for that federal cause of action.  The *Miller* decision has substantially affected the viability of the Trustee's claims in the LA County AP.

**AGREEMENT**

      **NOW THEREFORE,** in consideration of the mutual covenants, promises and undertakings set forth below, and subject to the Bankruptcy Court's approval, the Parties agree as follows:

      **1.**      **Settlement Payment.** No later than 90 days after entry of a Court order approving this Agreement that is final (*i.e.*, no longer subject to appeal), LA County shall pay $40,000.00 to the Trustee ("Payment"). The Payment shall be paid via check paid to the order of "Sandra K. McBeth, Chapter 7 Trustee," and mailed to Sandra K. McBeth, A Professional Law Corporation, 7343 El Camino Real, #185, Atascadero, CA 93422.

      **2.**      **Dismissal of the LA County AP.** No later than 10 calendar days after the later of Trustee's receipt of the Payment and entry of a final Court order approving this Agreement, the Trustee and LA County shall promptly execute a Stipulation of Dismissal of the LA County AP pursuant to Fed. R. Civ. P. 41, which shall cause the LA County AP to be dismissed with prejudice**,** with each Party to bear its own attorneys' fees and costs of suit.

SETTLEMENT AGREEMENT (LA COUNTY)

**3.     Default.** If LA County does not timely make the Payment, then the Trustee shall serve its counsel, Jacquelyn H. Choi, Esq., via email with a Notice of Default. LA County shall have seven calendar days after service of the Notice of Default to cure any default. Should LA County fail to timely cure the default, this Agreement shall be null and void in its entirety.

**4.     Court Approval.** The Parties acknowledge and agree that Bankruptcy Court approval of this Agreement and the entry of a final and non-appealable order in form and content satisfactory to the Parties is a necessary condition precedent to its effectiveness. The Trustee shall be responsible for preparation and filing of a motion to seek approval of this Agreement. If the Agreement is not approved in its entirety, whether due to an order of the Bankruptcy Court or an appellate court, then the Trustee shall promptly return any amount of the Payment received from LA County to LA County, and the Trustee and LA County shall retain any and all of their respective rights.

**5.     Trustee's Release.** Except for the obligations contained in this Agreement, and upon both Trustee's receipt of the Payment and final Court approval of this Agreement, the Trustee, on behalf of the Debtor and Debtor's Estate, releases and discharges LA County from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, arising from or relating to any claims asserted or that could have been asserted against LA County by the Trustee or the Debtor related in any manner to the Debtor, the LA County AP or the Bankruptcy Case which existed at any time prior to the execution of this Agreement, including, without limitation, any claims under Chapter 5 of the Bankruptcy Code or comparable state statutes. The Trustee acknowledges that she or her attorneys may hereafter discover facts different from or in addition to the facts that she now knows or believes to be true as to the subject matter of this Agreement, but that it is Trustee's intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts. The Trustee cannot, and does not purport to, release any claims held by LA County to seek to recover from the Sahanis or any other person or entities under applicable state law with respect to the Payment referenced in Paragraph 1 of this Agreement in order to settle the LA County AP, including, without limitation, any and all right(s) to issue an unsecured property tax bill arising under or related to the Payment and all of LA County's rights are expressly reserved.

**6.     LA County's Release.** Except for the obligations contained in this Agreement, and upon both Trustee's receipt of the Payment and final Court approval of this Agreement, LA County releases and discharges the Trustee, the Debtor and the Debtor's Estate, and the Trustee's agents, employees and attorneys employed in the Debtor's bankruptcy case in their capacities as such (collectively, the "Trustee Released Parties"), from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, whether known or unknown, suspected or unsuspected, arising from or relating in any way to the bankruptcy case including any claims asserted or that could have been asserted against the Trustee Released Parties by LA County solely related to the Debtor, the LA County AP or the Bankruptcy Case at any time prior to the execution of this Agreement. LA County acknowledges that it or its attorneys may hereafter discover facts

different from or in addition to the facts that it now knows or believes to be true as to the subject matter of this Agreement, but that it is its intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.  For the avoidance of doubt, LA County's release(s) referenced herein are not intended to and shall not be construed as LA County's agreement to release any property tax obligations whether arising prior to or after the execution of this Agreement by any person or entities.

      **7.**    <u>**California Civil Code § 1542 Waiver.**</u> Notwithstanding the discovery by either Party of any such additional or different facts, the Parties certify that they have read Section 1542 of the California Civil Code set forth below:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties do hereby waive application of Section 1542 of the California Civil Code and any other statutes, common law rights, rules or the like which may operate to limit the intent of this Agreement with respect to the claims released in Sections 5 and 6 above. The Parties understand and acknowledge the significance and consequence of this waiver of Section 1542 of the California Civil Code is that even if they should eventually suffer additional damages on account of the claims released in Sections 5 and 6 above, they will not be permitted to make any claim for such damages.

      **8.**    <u>**No Admission of Liability.**</u> Nothing in this Agreement shall be construed as an admission of liability by any Party to the Agreement.  By entering into this Agreement, LA County does not concede that the *Miller* decision is not applicable to LA County's interests whether in the LA County AP or otherwise.

      **9.**    <u>**Integration.**</u> This Agreement supersedes all prior representations and agreements, if any, among the Parties or their legal counsel. This Agreement contains the entire and only understanding among the Parties and may not be altered, amended, or extinguished, except by a writing which expressly refers to this Agreement and which is signed subsequent to the execution of this Agreement by the Party or Parties to any such alteration, amendment, or extinguishment, or their successors-in-interest. Any such alteration, amendment, or extinguishment must be executed by the Party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

      **10.**    <u>**Construction.**</u> This Agreement shall be governed and construed in accordance with the laws of the State of California and, where applicable, the United States Bankruptcy Code.

      **11.**    <u>**Representation by Counsel.**</u> The Parties represent that they each obtained the advice of legal counsel of their choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were afforded a reasonable time to seek such legal counsel and elected not to do so.

SETTLEMENT AGREEMENT (LA COUNTY)

12.   **Jurisdiction and Venue.** The United States Bankruptcy Court for the Central District of California, Northern Division, shall retain jurisdiction over this Agreement and shall resolve any disputes arising under this Agreement. The Parties agree to the exercise of jurisdiction over them by the Bankruptcy Court to resolve any disputes over this Agreement, and consent to the entry of final judgment by the Bankruptcy Court in relation to this Agreement.

13.   **Miscellaneous.** The Parties shall bear their respective costs, expenses, and attorneys' fees incurred in connection with this Agreement. This Agreement may be amended, modified, or otherwise changed only in a writing signed by all Parties and, if applicable, with Bankruptcy Court approval.

14.   **Counterparts and Facsimile and PDF Signatures.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Agreement, subject to Bankruptcy Court approval. A facsimile signature or electronically imaged signature in "pdf" format shall, for purposes of this Agreement, be deemed to constitute an original signature and be binding as such.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the date(s) written below.

DATED: September 30, 2025

Sandra K. McBeth
solely in her capacity as Chapter 7 Trustee
of the Bankruptcy Estate of Rajysan, Inc.
dba MMD Equipment

DATED: September 30, 2025

Los Angeles County Treasurer and Tax
Collector
By: Deondria Barajas
Its: ATTC, Tax Collections Branch

SETTLEMENT AGREEMENT (LA COUNTY)

Page **5** of **5**

Exhibit "1"
Page 28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANDRA K. MCBETH; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 28, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **October 28, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**RTD 12/27/23 UTF**
**DEBTOR**
RAJYSAN, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR
TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE
~~4175 GUARDIAN STREET~~
~~SIMI VALLEY, CA 93063~~

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PER JUDGE SALTZMAN'S PROCEDURES: Judge Saltzman does not follow the judge's copy requirements of General Order 23-01. No judge's copy of any document is required unless a copy is requested by chambers.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 28, 2025 | Cynthia Bastida | /s/ Cynthia Bastida |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **Bret D. Allen**    ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- **Todd M Arnold**    tma@lnbyg.com
- **Bhagwati Barot**    bbarot@aissolution.com
- **Linda S Blonsley**    blonsleylawecf@gmail.com,
  joe@blonsleylaw.com;lawbr69955@notify.bestcase.com;lblonsley@blonsleylaw.com
- **Jess R Bressi**    jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **Cathrine M Castaldi**    ccastaldi@brownrudnick.com
- **Lisa W Chao**    lisa.chao@doj.ca.gov
- **Jacquelyn H Choi**    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Christopher J. Dylla**    Christopher.Dylla@azag.gov
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
  Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **Brian David Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Jeffrey Garfinkle**    jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com
- **Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117
  954@notify.bestcase.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Adam D Grant**    agrant@alpertbarr.com, aeichelberger@alpertbarr.com
- **Barbara R Gross**    barbara@bgross.law, luz@bgross.law
- **Chad V Haes**    chaes@marshackhays.com,
  chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdri
  ve.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdri
  ve.com
- **Richard E Hettinger**    rhettinger@davidsontroilo.com
- **Stephen E Hyam**    stephen@stephenhyam.net, arvin.setaghaian@offitkurman.com
- **John C Keith**    john.keith@doj.ca.gov
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Mark J Krone**    mk@amclaw.com, maa@amclaw.com;amc@amclaw.com;mea@amclaw.com;ilr@amclaw.com
- **Lewis R Landau**    Lew@Landaunet.com
- **Matthew A Lesnick**    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Judith E Marshack**    jmarshack@marshackhays.com,
  jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack**    rmarshack@marshackhays.com,
  lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Sandra McBeth (TR)**    jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
- **Monserrat Morales**    Monsi@MarguliesFaithLaw.com,
  Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **John M O'Donnell**    john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **Carmela Pagay**    ctp@lnbyg.com
- **Dipika Parmar**    dipika.parmar@aissolution.com
- **Kurt Ramlo**    kr@lnbyg.com, kr@ecf.courtdrive.com
- **Laura E Robbins**    Laura.Robbins@doj.ca.gov, Carolina.Castillo@doj.ca.gov
- **Najah J Shariff**    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **Jay M Spillane**    jspillane@spillaneplc.com, cdale@spillaneplc.com;smargetis@spillaneplc.com
- **Don Stecker**
- **Don Stecker**    don.stecker@lgbs.com
- **John M Stern**    bk-jstern@oag.texas.gov, bk-mbecker@oag.texas.gov
- **Thomas W Stilley**    tstilley@sussmanshank.com, jhume@sussmanshank.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov
- **Timothy J Yoo**   tjy@lnbyb.com


**2. <u>SERVED BY UNITED STATES MAIL</u>**: CONTINUED:

<u>INTERESTED PARTY</u>
JACQUELYN CHOI
RIMON LAW
2029 CENTURY PARK EAST
SUITE 400N
LOS ANGELES, CA 90067

<u>INTERESTED PARTY</u>
LOS ANGELES COUNTY TAX
COLLECTOR
P. O. BOX 54110
LOS ANGELES, CA 90054-0110

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**