TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyg.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Chapter 7 Trustee,
Sandra K. McBeth

RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Special Litigation Counsel for Chapter 7 Trustee,
Sandra K. McBeth

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>RAJYSAN, INC. dba MMD EQUIPMENT, a California corporation,<br><br>Debtor. | Case No. 9:17-bk-11363-DS<br><br>Chapter 7<br><br>CHAPTER 7 TRUSTEE'S MOTION FOR (1) ORDER ESTABLISHING CONDITIONS AND PROCEDURES FOR DISMISSAL OF CASE UNDER 11 U.S.C. § 707(a); AND (2) ALLOWANCE AND PAYMENT OF TRUSTEE'S AND ADMINISTRATIVE PROFESSIONALS' REQUESTS FOR FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SANDRA K. MCBETH, TIMOTHY J. YOO, RICHARD A. MARSHACK, A. LAVAR TAYLOR, |

ADAM MEISLIK, AND M. KATHLEEN KLEIN IN SUPPORT

Date: September 15, 2026
Time: 1:00 p.m.
Crtrm.: 1639
Location: 255 East Temple Street
Los Angeles, California 90012

# Table of Contents

1. Summary of Argument ..... 1
2. Statement of Facts ..... 2
A. Bankruptcy Case and Employment of Professionals ..... 2
B. Compromise and Sale Motion ..... 4
C. Adversary Proceedings ..... 4
i. State of New Jersey, 9:18-ap-01048-DS ..... 4
ii. Los Angeles County Treasurer and Tax Collector, 9:18-ap-01049-DS ..... 5
iii. Massachusetts Department of Revenue, 9:18-ap-01050-DS ..... 5
iv. California Franchise Tax Board, 9:18-ap-01051-DS ..... 6
v. United States of America, 9:18-ap-01052-DS ..... 6
vi. Sahani (Insiders), 9:18-ap-01040-DS ..... 7
D. Proofs of Claims ..... 8
E. Professional Fees ..... 8
3. Legal Argument ..... 12
A. Good cause exists for dismissal of this bankruptcy case. ..... 12
B. Dismissal should be conditioned on payment of allowed administrative expenses. ..... 15
4. Conclusion ..... 16
Declaration of Sandra K. McBeth ..... 10
Declaration of Timothy J. Yoo ..... 14
Declaration of Richard A. Marshack ..... 10
Declaration of A. Lavar Taylor ..... 13
Declaration of Adam Meislik ..... 14
Declaration of M. Kathleen Klein ..... 15

# Table of Authorities

**Cases**

*Hickman v. Hana (In re Hickman)*,
384 B.R. 832, 840-41 (B.A.P. 9th Cir. 2008) ........ 12

*In re Buena Park Development Corp.*,
20 B.R. 215, 219 (C.D. Cal. 1982) (citing *U.S.A. Motel*) ........ 15

*In re DBSI, Inc.*,
869 F.3d 1004 (9th Cir. 2017) ........ 14

*In re Hall*,
15 B.R. 913, 915 (B.A.P. 9th Cir. 1981) ........ 15

*In re Kaur*,
510 B.R. 281, 289 (Bankr. E.D. Cal. 2014) ........ 15

*In re Luminance Recovery Center, LLC*,
Case No. 8:18-bk-10969-SC, ECF No. 614 (Bankr. C.D. Cal. Mar. 23, 2023) ........ 15

*In re Ruby's Oceanside, Ltd.*,
Case No. 8:18-bk-13201-SC, ECF No. 107 (Bankr. C.D. Cal. Nov. 15, 2022) ........ 15

*Inland Empire Waterkeeper v. Corona Clay Co.*,
17 F.4th 826, 837 (9th Cir. 2021) ........ 2

*Kanaway Seafoods, Inc. v. Pac. Predator*,
2024 U.S. Dist. LEXIS 213502, at *2, 4 (D. Alaska Sept. 20, 2024) ........ 2

*Montana Dep't of Revenue v. Blixseth (In re Blixseth)*,
112 F.4th 837 (9th Cir. Aug. 14, 2024) ........ 14

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741, 746 n.6 (9th Cir. 2006) ........ 2

*Sherman v. SEC (In re Sherman)*,
491 F.3d 948, 970 (9th Cir. 2007) ........ 12

*U.S.A. Motel Corp. v. Danning*,
521 F.2d 117, 119 (9th Cir. 1975) ........ 15

*United States v. Miller*,
604 U.S. 518 (2025) ........ 1, 7, 8, 14

*Zazzali v. United States (In re DBSI, Inc.)*,
869 F.3d 1004 (9th Cir. 2017) ........ 1

**Statutes**

§ 106(a) ........ 14
§ 330(a)(3) ........ 13
§ 544(b)(1) ........ 14
§ 707(a) ........ 12
11 U.S.C. § 330 ........ 13, 16
11 U.S.C. § 363 ........ 4
11 U.S.C. § 502(d) ........ 4, 5, 6
11 U.S.C. § 544 ........ 14
11 U.S.C. §§ 544, 550, and 551 ........ 4, 5, 6
11 U.S.C. §§ 548, 550, and 551 ........ 4, 5, 6
11 U.S.C. § 707(a) ........ 12, 15
11 U.S.C. § 727(a)(1) ........ 16
Bankruptcy Code § 330 ........ 13
Business and Professions Code § 17200 ........ 7
Cal. Civ. Code §§ 3439.04, et seq ........ 4, 5, 6
California Civil Code § 3439 *et seq.* ........ 14
Penal Code § 496 ........ 7
sections 326, 328, and 329 ........ 13
section 327 or 1103 ........ 13
Section 544 ........ 1

Section 544(b) ........ 1

**Rules**

Fed. R. Evid. 201(a), (d) ........ 2
Fed. R. Evid. 201(b), (c) ........ 2
FRBP 9019 ........ 4
FRE 201 ........ 2
LBR 1017-2(f) ........ 16
Loc. Bankr. R. 1017-2(e)(3) ........ 15
Loc. Bankr. R. 1017-2(f) ........ 16
Rule 201 of the Federal Rules of Evidence ........ 2
Rule 1017-2(e)(3) of the Local Bankruptcy Rules ........ 15
Rule 9017 of the Federal Rules of Bankruptcy Procedure ........ 2
Rule 9019 ........ 5

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Sandra K. McBeth, in her capacity as Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc., dba MMD Equipment ("Debtor"), respectfully submits this motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and administrative professionals' requests for fees and expenses.

## 1. Summary of Argument

A bankruptcy court may dismiss a Chapter 7 case "for cause" if there is no legal prejudice. The Court may further condition dismissal on payment of administrative expenses. In this case, the Trustee and her retained professionals prosecuted fraudulent transfer claims including claims against the IRS and state taxing agencies. The Debtor was a pass-through entity that was not liable for any taxes. Yet, it paid the taxing agencies millions of dollars. The Ninth Circuit had published a case permitting lawsuits by trustees because Section 106 abrogated sovereign immunity for Section 544 claims (even though the applicable state law did not authorize the IRS to be sued). *Zazzali v. United States (In re DBSI, Inc.)*, 869 F.3d 1004 (9th Cir. 2017).

In April 2024, the Trustee filed motions for summary judgment in the multiple fraudulent transfer cases. The Court continued the hearings from time to time without adjudicating the motions. Then, on April 28, 2025, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. 518, 145 S. Ct. 839 (2025). In *Miller*, the Court concluded that to prevail on a Section 544(b) claim against the IRS, the Trustee must identify an actual creditor outside of bankruptcy that could have avoided the transfer. Because the federal government had not waived sovereign immunity under the various states' fraudulent transfer laws, there was no such creditor which caused the Trustee's claims to fail. In the wake of the Miller ruling, which necessarily abrogated the holding in DBSI, the Trustee's claims were in essence destroyed. To make matters worse, the IRS had never even raised sovereign immunity as a defense in this case.

The failure of these once valid claims rendered the Estate with insufficient funds to make any distributions other than in fractional satisfaction of priority administrative claims. Rather than expending further judicial and party resources regarding fee applications and a final report, all administrative professionals have agreed to accept reduced distributions from the Estate so the case can be dismissed. Good cause thus exists to dismiss this bankruptcy case after distributing all estate funds in partial satisfaction of these administrative claims.

## 2. Statement of Facts

### A. Bankruptcy Case and Employment of Professionals

On July 29, 2017 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.[1]

On August 31, 2017, as Dk. No. 46, the Official Committee of Unsecured Creditors ("Committee") was appointed by the Office of the United States Trustee ("UST").

On October 6, 2017, as Dk. No. 85, the Court entered an order granting the MH Committee Employment Application ("MH Committee Employment Order").

On May 7, 2019, Sandra K. McBeth was appointed as the Chapter 11 Trustee. Docket No. 403.

On February 14, 2022, as Dk. No. 666, the Court entered an order converting the case to Chapter 7. Sandra K. McBeth was appointed as the Chapter 7 Trustee on or around February 18, 2022. Docket No. 668.

[1] The Court may consider the record in the bankruptcy case and related adversary proceedings. Rule 201 of the Federal Rules of Evidence ("FRE"), made applicably by Rule 9017 of the Federal Rules of Bankruptcy Procedure ("FRBP"), allows the Court to take judicial notice of adjudicative facts "at any stage of the proceeding." Fed. R. Evid. 201(a), (d). The Court may, on its own or upon request of a party, judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b), (c); *see also Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 826, 837 (9th Cir. 2021) (noting that FRE 201 allows the court to judicially notice adjudicative facts—that is, the facts of the particular case that normally go to the jury in a jury case—at "any time"). Although the existence of court filings in another case is a proper subject of judicial notice, it is "unnecessary to judicially notice the existence of a filing already on the docket in this case, as it is already before the Court." *Kanaway Seafoods, Inc. v. Pac. Predator*, 2024 U.S. Dist. LEXIS 213502, at *2, 4 (D. Alaska Sept. 20, 2024); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

The Court has entered orders approving the employment of the following Chapter 11 professionals:

(1) Goodman Law Offices, as general counsel to the Debtor-in-Possession, Docket No. 48;

(2) GA Global Partners, as liquidation agent for the Debtor-in-Possession, Docket No. 69;

(3) Marshack Hays Wood LLP ("MHW"), fka Marshack Hays LLP, as general counsel to the Committee, Docket No. 85;

(4) Force Ten Partners LLC ("Force Ten"), as financial advisor to the Committee, Docket No. 155;

(5) Alpert, Barr & Grant ("ABG"), as special litigation counsel to the Debtor-in-Possession, Docket No. 157;

(6) Squar Milner, as accountants to the Debtor-in-Possession, Docket No. 330;

(7) Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), fka Levene, Neale, Bender, Yoo & Brill L.L.P., as general counsel to the Chapter 11 Trustee, Docket No. 440;

(8) ABG, as special litigation counsel to the Committee and the Chapter 11 Trustee, Docket No. 477;

(9) M. Kathleen Klein, Certified Public Accountant, as accountant for the Chapter 11 Trustee, Docket No. 571; and

(10) Taylor Nelson Amitrano LLP fka The Law Offices of A. Lavar Taylor ("Taylor Nelson Amitrano"), as special counsel for the Committee, Docket No. 632.

The Court has further entered orders approving the employment of the following Chapter 7 professionals:

(1) LNBYG, as general bankruptcy counsel to the Chapter 7 Trustee, Docket No. 698;

(2) M. Kathleen Klein, Certified Public Accountant, as accountant for the Chapter 7 Trustee, Docket No. 699;

(3) MHW, as special litigation counsel for the Chapter 7 Trustee, Docket No. 700;

(4) Taylor Nelson Amitrano, as special counsel for the Chapter 7 Trustee, Docket No. 701; and

(5) Force Ten, as financial advisor for the Chapter 7 Trustee, Docket No. 702.

## B. Compromise and Sale Motion

Prior to conversion, the Committee and the Trustee (jointly represented by ABG) reached a settlement agreement with Gurmeet Sahani, Jasmine Sahani, Invincia LLC, and Digital Records Management, Inc. to resolve disputes between and among them regarding a prepetition lawsuit and resulting judgment in favor of the Debtor. The Settlement resulted in the Estate being paid $1.65 million without the need for protracted litigation and increased administrative costs. Accordingly, on December 9, 2019, as Docket No. 488, the Trustee and the Committee jointly filed a Motion to: (1) Approve Compromise Under FRBP 9019; and (2) Approve Sale of Assets of the Estate Pursuant to 11 U.S.C. § 363, Including Approving Overbid Procedures ("Gurmeet Et Al Compromise Motion").

On January 17, 2020, as Dk. No. 500, the Court entered an order granting the Gurmeet Et Al Compromise Motion.

## C. Adversary Proceedings

### i. State of New Jersey, 9:18-ap-01048-DS

On September 19, 2018, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)], against the State of Jew Jersey Department of the Treasury, Taxation Division, commencing Adversary Proceeding No. 9:18-ap-01048-DS ("NJ AP").

On December 16, 2020, as Docket No. 610, the Trustee and the Committee jointly filed a Motion to Approve a Compromise resolving the NJ AP ("NJ Compromise Motion"), which the Court granted by order entered on January 8, 2021, as Docket No. 614. The NJ Compromise Motion

resulted in the Estate being paid $36,834.71 without the need for protracted litigation and increased administrative costs. On January 28, 2022, the Court closed the NJ AP.

**ii. Los Angeles County Treasurer and Tax Collector, 9:18-ap-01049-DS**

On September 19, 2018, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)], against the Los Angeles County Treasurer and Tax Collector, commencing Adversary Proceeding No. 9:18-ap-01049-DS ("LACTTC AP").

After conversion of the bankruptcy case to Chapter 7, the Trustee became the plaintiff and real party in interest in the LACTTC AP. LACTTC AP Docket No. 141. MHW obtained court approval to continue prosecuting the claims as the Trustee's special litigation counsel.

Extensive discovery and litigation ensued, including the Trustee's filing of a voluminous motion for summary judgment. After the Supreme Court's decision in *Miller* rendered the claims non-viable, on October 28, 2025, the Trustee filed a Motion to Approve Compromise Under Rule 9019 with Los Angeles County Treasurer and Tax Collector, Docket No. 772, which the Court approved by order entered on November 20, 2025, as Docket No. 783. The settlement regarding the LACTTC AP was reached after mediation before Leonard Gumport, Esq., and resulted in $40,000 being paid to the Estate without the need for uncertain continued litigation.

**iii. Massachusetts Department of Revenue, 9:18-ap-01050-DS**

On September 19, 2025, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551]; Cal. Civ. Code §§ 3439.04, et seq.]; Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)] against the Massachusetts Department of Revenue, Bankruptcy Unit, commencing Adversary Proceeding No. 9:18-ap-01050-DS ("MA AP"). Shortly after commencement of the MA AP, the defendant

delivered the full amount of the avoidable transfers (approximately $11,500), thus resolving all disputes with regard to the subject transfers.

On November 21, 2018, the Committee filed a notice of voluntary dismissal of adversary proceeding.

### iv. California Franchise Tax Board, 9:18-ap-01051-DS

On September 19, 2018, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance Of Claims Held by Defendant [11 U.S.C. § 502(d)] against the California Franchise Tax Board, commencing Adversary Proceeding No. 9:18-ap-01051-DS (“FTB AP”).

On April 15, 2021, as Docket No. 629, the Trustee and the Committee jointly filed a Motion to Approve a Compromise with Franchise Tax Board resolving the FTB AP (“FTB Compromise Motion”). On May 6, 2021, as Docket No. 635, the Court entered an order granting the FTB Compromise Motion. The FTB Compromise Motion resulted in the Estate being paid $350,000 without the need for protracted litigation and increased administrative costs. On October 18, 2021, the Court closed the FTB AP.

### v. United States of America, 9:18-ap-01052-DS

On September 19, 2018, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 548, 550, and 551]; (2) Avoidance, Recovery, and Preservation of Fraudulent Transfers [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, et seq.]; (3) Disallowance of Claims Held by Defendants [11 U.S.C. § 502(d)] against the Department of the Treasury, Internal Revenue Service, commencing Adversary Proceeding No. 9:18-ap-01052-DS (“USA AP”).

After conversion of the bankruptcy case to Chapter 7, the Trustee became the plaintiff and real party in interest in the USA AP. USA AP Docket No. 134.

Extensive discovery and litigation ensued, including the Trustee's filing of a voluminous motion for summary judgment in April 2024. The Supreme Court's decision in *Miller* more than one year later rendered the claims non-viable. The Trustee thus filed a Motion to Approve Compromise Under Rule 9019 with the United States ("USA Compromise Motion"), Docket No. 770, which the Court approved by order entered on November 20, 2025, as Docket No. 782. The settlement regarding the USA AP was reached after mediation before Leonard Gumport, Esq. and resulted in $13,812.99 being paid to the Estate without the need for continued litigation. As set forth in the USA Compromise Motion, the Trustee was disappointed for the Estate with respect to the outcome of this matter, but the intervening Supreme Court decision in *Miller* resulted in the compromise being the Estate's best course of action.

**vi. Sahani (Insiders), 9:18-ap-01040-DS**

On August 6, 2018, the Committee filed a Complaint for: (1) Avoidance, Recovery, and Preservation of Preferential Transfers; (2) Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers; (4) Breach of Fiduciary Duty; (5) Conversion/Misappropriation; (6) Civil Liability Under Penal Code § 496; (7) Unfair Business Practices (Business and Professions Code § 17200); (8) Misappropriation of Trade Secrets; (9) Declaratory Relief; (10) Quiet Title; and (11) Turnover, against Gurpreet Sahani, Gurpreet Sahani as Trustee of The Green Acres Trust Dated May 10, 2017, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (collectively, "Sahanis"), commencing Adversary Proceeding No. 9:18-ap-01040-DS ("Sahani AP").

After conversion of the bankruptcy case to Chapter 7, the Trustee became the plaintiff and real party in interest in the Sahani AP, and MHW served as her special litigation counsel. Sahani AP Docket No. 271.

After extensive discovery and litigation, including the Trustee's filing of a voluminous motion for summary judgment, on October 28, 2025, the Trustee (represented by MHW) filed a Motion to Approve Compromise Under Rule 9019 with the Sahanis, Docket No. 774, which the Court approved by order entered on November 20, 2025, as Docket No. 784. The settlement

regarding the Sahani AP was reached after mediation before Leonard Gumport, Esq., and resulted in $500,000 being paid to the Estate without the need for uncertain continued litigation. The Trustee reached this settlement primarily due to the derivative effect of *Miller* on the entirety of the Trustee's pending litigation.

### D. Proofs of Claims

To date, there are approximately $14,580,163.57 in total claims filed against the Estate, including $298,982.39 in secured claims and $637,541.48 in priority claims. No fewer than 11 separate creditors assert unsecured priority claims, not including the Chapter 11 and Chapter 7 administrative professionals. Unfortunately, given that the total amount of administrative claims will greatly exceed the recoveries obtained due to the *Miller* decision, there is no prospect for any distributions to unsecured creditors.

### E. Professional Fees

The Estate's Chapter 11 professionals have filed fee applications as follows:

(1) First interim fee application of Force Ten, Docket No. 325;

(2) Application for payment of interim fees and/or expenses of ABG, Docket No. 327;

(3) First interim application for allowance of fees and costs of MHW, Docket No. 328;

(4) Application for payment of interim fees and/or expenses of LNBYG, Docket No. 521;

(5) Application for payment of interim fees and/or expenses of Sandra K. McBeth, Chapter 11 Trustee, Docket No. 525;

(6) Application for payment of final fees and/or expenses of the Goodman Law Offices, A Professional Corporation, Docket No. 527;

(7) Application for payment of final fees and/or expenses of ABG, as special litigation counsel for the Debtor, Docket No. 528;

(8) Application for payment of final fees and/or expenses of ABG, as special litigation counsel for the Chapter 11 Trustee, Docket No. 529;

(9) Second interim application for allowance of fees and costs of MHW, Docket No. 534, *see also* Docket No. 563 (Declaration of Chad V. Haes Re: Reduction to Request);

(10) Second interim fee application of Force Ten, Docket No. 535;

(11) Application for payment of final fees and/or expenses of ABG, as special litigation counsel for the Debtor, Docket No. 547;

(12) Second (amended) interim fee application of Force Ten for allowance and payment of fees and reimbursement of expenses, Docket No. 556;

(13) Final fee application of Force Ten for allowance and payment of fees and reimbursement of expenses, Docket No. 796;

(14) Application for Payment of Final Fees and/or Expenses of LNBYG, Docket No. 798;

(15) First and Final Application of Taylor Nelson Amitrano for approval and allowance of compensation for services rendered and reimbursement of expenses incurred, Docket No. 802;

(16) Third and final application for allowance of fees and costs of MHW, Docket No. 804; and

(17) Application for Payment of Final Fees and/or Expenses of M. Kathleen Klein, Docket No. 806.

Chapter 11 paid and unpaid administrative expenses are as disclosed in the foregoing fee applications and the Cash Receipts and Disbursement Record of the Trustee:[2]

| Firm | Chapter 11 Paid | Ch 11 Unpaid | Ch 11 Total | |
|---|---|---|---|---|
| Sandra McBeth | 30,394.57 | 32,212.58 | 62,607.15 | |
| LNBYG | 76,269.54 | 159,657.48 | 235,927.02 | |
| Marshack Hays Wood | 777,335.83 | 858,136.39 | 1,635,472.22 | |
| Taylor Nelson Amitrano | - | 57,377.00 | 57,377.00 | |
| Force Ten | 135,952.50 | 91,532.76 | 227,485.26 | |
| M. Kathleen Klein | - | 2,551.52 | 2,551.52 | |

[2] The information in the following table was provided by the Trustee and her general counsel.

| | | | | |
|---|---|---|---|---|
| Goodman Law Offices | 99,700.38[3] | - | 125,462.88 | |
| ABG | 184,366.93 | - | 184,366.93 | |
| **TOTAL** | 1,304,019.75 | 1,201,467.73 | **2,505,487.48** | |

The Estate's Chapter 7 professionals have filed fee applications as follows:

(1) First and final application of Force Ten for allowance and payment of fees and reimbursement of expenses incurred, Docket No. 797;

(2) Application for Payment of Final Fees and/or Expenses of LNBYG, Docket No. 800;

(3) First and Final Application of Taylor Nelson Amitrano for approval and allowance of compensation for services rendered and reimbursement of expenses incurred, Docket No. 803;

(4) First and final application for allowance of fees and costs of MHW, Docket No. 805; and

(5) Application for payment of final fees and/or expenses of M. Kathleen Klein, Docket No. 807.

Requested Chapter 7 administrative expenses total $1,785,875.10. But, all such Chapter 7 administrative claimants have agreed to split the remaining funds in the estate (without the need for the Trustee to seek disgorgement from Chapter 11 professionals that have already received distributions) as follows:

| Firm | Fees | Expenses | Total per professional | If no additional payments or disgorgement from Ch 11 professionals and funds on hand are distributed pro rata (80.034%) |
|---|---|---|---|---|
| Sandra McBeth | 67,300.06 | 400.00 | 67,700.06 | 54,183.07 |
| LNBYG | 38,697.50 | 412.02 | 39,109.52 | 31,300.91 |
| MHW | 1,158,627.00 | 93,533.62 | 1,252,160.62 | 1,002,154.23 |
| Taylor Nelson Amitrano | 299,448.50 | 77.85 | 299,526.35 | 239,722.92 |

[3] Goodman Law Offices was also paid a prepetition retainer of $25,762.10.

| | | | | |
|---|---|---|---|---|
| Force Ten | 118,222.50 | 5,318.16 | 123,540.66 | 98,874.53 |
| M. Kathleen Klein, | 3,188.00 | 649.89 | 3,837.89 | 3,071.62 |
| **TOTAL** | 1,685,483.56 | 100,391.54 | **1,785,875.10** | 1,429,307.28 |

In sum, there is currently $1,429,306.98 on hand in the Estate. McBeth Decl., ¶ 7. But, the total unpaid Chapter 7 and 11 administrative fees and expenses are:

| | |
|---|---|
| Unpaid | |
| Chapter 11 | $1,201,467.73 |
| Chapter 7 | $1,785,875.10 |
| Total | $2,987,342.83 |

The professionals, after two weeks of discussions, have agreed to the following distributions from the $1,429,306.98 on hand which works out to distributions as follows:

| **Professional** | **Amount To Be Paid** |
|---|---|
| Sandra McBeth | 54,000.00 |
| LNBYG | 25,000.00 |
| MHW | 938,506.98 |
| Taylor Nelson Amitrano | 294,000.00 |
| Force Ten | 114,000.00 |
| M. Kathleen Klein | 3,800.00 |
| Goodman Law Offices | - |
| ABG | - |
| | |
| Total | 1,429,306.98 |

Thus, Trustee proposes the following conditions and procedures for dismissal:

(a) Entry of an order by the Court (1) determining the amount of professional fees to be allowed on a Chapter 7 basis and Chapter 11 basis, and (2) allowing for the payment of Chapter 7 professional fees in the amounts set forth above;

(b) Approval of the distribution scheme outlined above; and

(c) Dismissal of the case.

/ / /

/ / /

## 3. Legal Argument

### A. Good cause exists for dismissal of this bankruptcy case.

"Under § 707(a), a 'court may dismiss a case under this chapter only after notice and a hearing and only for cause, including' three enumerated causes." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 970 (9th Cir. 2007) (quoting 11 U.S.C. § 707(a)). The decision to dismiss "rests within the sound discretion of the court" and must be based on "whether the totality of the circumstances add[s] up to § 707(a) 'cause.'" *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840-41 (B.A.P. 9th Cir. 2008). A case may not be dismissed "if such dismissal would cause 'some plain legal prejudice' to a creditor." *Id.* at 840.

Here, there would be no legal prejudice to any creditors on dismissal because, for all practical purposes, the only stakeholders in the disbursement of the funds on hand are the professionals. Specifically, the total requested administrative expenses are:

| | |
|---|---|
| Chapter 11 | $2,505,487.48 |
| Chapter 7 | $1,785,875.10 |
| Total | $4,291,362.58 |

Even the total funds on hand plus the amounts already paid to Chapter 11 professionals are significantly less than the $4,291,362.58 in total administrative expenses:

| | |
|---|---|
| Funds on hand | $1,429,306.98 |
| Paid to Ch 11s | $1,304,019.75 |
| Total funds | $2,733,326.73 |

Thus, for there to be a sufficient estate funds for disbursements to non-administrative creditors, the Court would have to both disgorge the Chapter 11 fees and expenses paid and disallow more than $1,558,035.85 of requested administrative expenses, which is approximately 36.3% of the total requested.[4] And, even then, there are $637,541.48 in non-administrative priority claims asserted against the Estate, which would have to be paid before disbursements to general unsecured creditors.

---

[4] The computation is:

The administrative professionals' fees and expenses should not be disallowed to such an extreme extent that there are funds available for distributions to non-administrative creditors. Rather, Bankruptcy Code § 330 provides that the Court can authorize payment of reasonable and necessary compensation and reimbursement of expenses:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . or a professional person employed under section 327 or 1103 –
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

Pursuant to § 330(a)(3), in determining the amount of reasonable compensation to be awarded, a relevant factor is "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered* toward the completion of, a case under this title" (emphasis added). In this case, the Debtor had paid more than $3.7 million of its shareholder's taxes even though it had no liability for the income taxes as a pass-through corporation. Because the vast majority of these payments were made more than two years prior to bankruptcy, the Committee filed adversary proceedings against the shareholders and the taxing authorities in September 2018

---

| | |
|---|---|
| Percentage for Disallowance | |
| Total Requested | $4,291,362.58 |
| Total Funds | $2,733,326.73 |
| Difference between total funds and total requested | $1,558,035.85 |
| Percentage of total requested that would have to be disallowed for there to start being funds for non-administrative creditors | 36.3% |

which included claims under 11 U.S.C. § 544 and California Civil Code § 3439 *et seq.* to avoid and recover these fraudulent transfers. The Ninth Circuit had previously held that such transfers were avoidable under state fraudulent transfer laws. *In re DBSI, Inc.*, 869 F.3d 1004 (9th Cir. 2017) (holding § 106(a)'s waiver of sovereign immunity extended to an Idaho state law cause of action under § 544(b)(1)).

After approximately seven years of vigorous litigation, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. 518 (2025). In *Miller*, the Supreme Court held, under very similar facts to the DBSI and Rajysan cases, that a bankruptcy estate could not avoid and recover payments made to the IRS more than two years prior to bankruptcy under 11 U.S.C. § 544 because, outside of bankruptcy, the United States has not waived sovereign immunity to allow creditors to sue it to avoid and recover fraudulent transfers.

Although the IRS never raised sovereign immunity as a defense in its answer in this case, the Ninth Circuit recently held that an express waiver of sovereign immunity stated on the record in open court by counsel for the IRS was unenforceable because it was not clearly and unequivocally supported by an expression of waiver set forth in statutory text. *Montana Dep't of Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837 (9th Cir. Aug. 14, 2024). As such, it did not appear that the absence of a sovereign immunity defense in its answer would be sufficient for this Court to conclude that the IRS's participation in this action for seven years without the assertion would constitute a waiver.

Based on the Supreme Court's decision in *Miller* and the Trustee's conclusion that the IRS had likely not waived sovereign immunity to render *Miller* inapplicable, the Trustee determined it was in the best interest of the estate to promptly settle the litigation that remained pending, which was the litigation with the Sahanis, the USA, and the LACTTC.

While the Trustee and her professionals are disappointed for the Estate with respect to the outcome of the adversary proceedings, when the Committee commenced them in 2018, and when the Trustee became the real party in interest upon conversion of the case in 2022, there was published Ninth Circuit authority concluding that that such an action could be prosecuted for the benefit of

creditors. In fact, tax specialist A. Lavar Taylor, Esq., not only confirmed the Committee/Trustee's position, but elected to work with the Committee and Trustee. Thus, the professionals' services in this case were necessary to the administration of, or beneficial at the time at which the service was rendered.

### B. Dismissal should be conditioned on payment of allowed administrative expenses.

Upon dismissal of a bankruptcy case, the bankruptcy trustee is entitled to reasonable compensation. *U.S.A. Motel Corp. v. Danning*, 521 F.2d 117, 119 (9th Cir. 1975); *see In re Buena Park Development Corp.*, 20 B.R. 215, 219 (C.D. Cal. 1982) (citing *U.S.A. Motel*). In fact, "[w]here all creditors affirmatively consent to the debtors' motion to dismiss it clearly follows that the trustee only has standing to object on the grounds that his fees, costs or expenses must be paid before the case may be dismissed." *In re Hall*, 15 B.R. 913, 915 (B.A.P. 9th Cir. 1981); *see, e.g., In re Kaur*, 510 B.R. 281, 289 (Bankr. E.D. Cal. 2014) (dismissal could be conditioned on payment of administrative expenses); *see also* Loc. Bankr. R. 9013-1(h) (providing that except regarding summary judgment motions, "if a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be").[5] Courts have granted motions to dismiss filed by Chapter 7 trustees and conditioned dismissal on payment of administrative expenses. *See, e.g.*, *In re Ruby's Oceanside, Ltd.*, Case No. 8:18-bk-13201-SC, ECF No. 107 (Bankr. C.D. Cal. Nov. 15, 2022) ("Order Granting Chapter 7 Trustee's Motion for Order Establishing Conditions and Procedures for Dismissal of Case Under 11 U.S.C. § 707(a) and Trustee's Request for Fees and Expenses"); *In re Luminance Recovery Center, LLC*, Case No. 8:18-bk-10969-SC, ECF No. 614 (Bankr. C.D. Cal. Mar. 23, 2023) (same).

Rule 1017-2(e)(3) of the Local Bankruptcy Rules ("LBR") further provides that the court "may condition the dismissal upon payment of fees and expenses . . . ." Loc. Bankr. R. 1017-2(e)(3).

---

[5] This Motion is being served on all creditors so they have notice and an opportunity to respond.

And, LBR 1017-2(f) provides that notwithstanding any dismissal, the court retains jurisdiction regarding all issues arising under 11 U.S.C. § 330. Loc. Bankr. R. 1017-2(f).

As discussed at length above, the administrative expenses are reasonable and necessary, and all professionals—who are the only stakeholders regarding the funds on hand—have agreed to the proposed distributions. There are no other known assets to liquidate or administer, and thus no likelihood that non-administrative unsecured creditors will receive a distribution through continued administration of this case.[6] Provided that the Court approves and allows administrative expenses for professionals pursuant to their fee applications, these administrative expenses should be paid in the agreed-upon amounts prior to and as a condition of dismissal.

## 4. Conclusion

There is no benefit to non-administrative creditors from further administration of assets or closing this case pursuant to a final report. Rather than expending further court and party resources on a final report and further litigation over the pending final fee applications with the only distributions going to administrative creditors, good cause exists for the Court to order the dismissal of the bankruptcy case now pursuant to the procedures set forth below. After Trustee's best efforts, she has concluded that the best course of action for this bankruptcy is for the Court enter an order:

1. Granting the Motion;
2. Approving administrative expenses as follows:

| **Professional** | **Chapter 7 Fees** | **Chapter 7 Expenses** | **Total per professional (Ch. 7)** | **Ch. 11 Total** |
|---|---|---|---|---|
| Sandra McBeth | 67,300.06 | 400.00 | 67,700.06 | 62,607.15 |
| LNBYG | 38,697.50 | 412.02 | 39,109.52 | 235,927.02 |
| MHW | 1,158,627.00 | 93,533.62 | 1,252,160.62 | 1,635,472.22 |
| Taylor Nelson | 299,448.50 | 77.85 | 299,526.35 | 57,377.00 |

[6] There is also no discharge in this corporate Chapter 7 case. 11 U.S.C. § 727(a)(1).

| | | | | |
|---|---|---|---|---|
| Amitrano | | | | |
| Force Ten | 118,222.50 | 5,318.16 | 123,540.66 | 227,485.26 |
| M. Kathleen Klein, | 3,188.00 | 649.89 | 3,837.89 | 2,551.52 |
| Goodman | | | | 125,462.88 |
| ABG | | | | 184,366.93 |

3. Authorizing the Trustee to pay, upon entry of an order granting this Motion, administrative expenses in the following amounts that were agreed-upon by all professionals; and

| Professional | Authorized for Payment from Funds on Hand |
|---|---|
| Sandra McBeth | $ 54,000.00 |
| LNBY&G | $ 25,000.00 |
| Marshack Hays Wood | $ 938,506.98 |
| Taylor Nelson | $ 294,000.00 |
| Force 10 Partners | $ 114,000.00 |
| Kathy Klein | $ 3,800.00 |
| Goodman | $ - |
| Alpert | $ - |

4. For any such other and further relief which the Court considers just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: August 25, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: *(Please see next page for signature)*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Chapter 7 Trustee,
SANDRA K. MCBETH

DATED: August 25, 2026

MARSHACK HAYS WOOD LLP

BY: */s/ Richard A. Marshack*
RICHARD A. MARSHACK
D. EDWARD HAYS
BRADFORD N. BARNHARDT
SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE,
SANDRA K. MCBETH

DATED: August 25, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: ______________________
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Chapter 7 Trustee,
SANDRA K. MCBETH

DATED: August 25, 2026

MARSHACK HAYS WOOD LLP

BY: *(Please see previous page for signature)*
RICHARD A. MARSHACK
D. EDWARD HAYS
BRADFORD N. BARNHARDT
SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE,
SANDRA K. MCBETH

## Declaration of Sandra K. McBeth

I, SANDRA K. MCBETH, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor").

4. I make this declaration in support of the motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. The facts set forth below are true of my personal knowledge. Capitalized terms not otherwise defined are used as they are defined in the Motion.

6. To the best of my knowledge, all known and scheduled assets of the Debtor have been fully administered. I know of no other assets to liquidate or administer.

7. There is currently $1,429,993.48 on hand in the Estate, up from the amount upon which this motion is based of $1,429,306.98 due to the accrual of interest.

8. The claims register in this case shows 73 filed proofs of claim, but the administrative expenses of the Estate far exceed the funds on hand by a substantial margin. There are insufficient funds to pay the requested, unpaid administrative expenses. Accordingly, I anticipate no distribution to general unsecured creditors. For reasons discussed in more detail below, I do not fault my professionals for the administrative insolvency of the Estate.

9. I believe that there is no benefit to creditors by making distributions through a trustee's final report in this case, because non-administrative creditors will not receive any distribution. Specifically, I am informed and believe that for there to be distributions to non-administrative creditors, the Court would have to both disgorge the Chapter 11 fees and expenses paid (which I am advised would be difficult and likely impossible as to at least two of the

Chapter 11 professionals, as well as time-consuming) and disallow more than $1,558,035.85 of requested administrative expenses, which is approximately 36.3% of the total requested. And, even then, there are $637,541.48 in non-administrative priority claims asserted against the Estate, which would have to be paid before disbursements to general unsecured creditors. Although I am sure that there are areas where fees could be reduced, in my experience as a panel bankruptcy trustee since 1997, I believe that any reductions should be relatively modest and should not approach the amount required for there to be funds available for non-administrative creditors.

10. Rather than expending further judicial and party resources regarding fee applications (which I estimate to total over 1,000 pages) and a final report, I believe there is good cause for the Court to enter an order providing procedures for the dismissal of the case upon satisfaction of the following:

a. Entry of an order by the Court (1) determining the amount of professional fees to be allowed on a Chapter 7 and Chapter 11 basis, and (2) allowing for the payment of Chapter 7 and Chapter 11 professional fees;

b. Once all funds are paid out from the Estate, I may file a declaration showing a zero balance in the Estate's bank account and lodge an order of dismissal.

11. For the following reasons, I believe, in my business judgment, that my administration of the Estate and Debtor's assets were reasonably calculated to provide a benefit to creditors based on the facts known to me at the time.

12. In this case, the Debtor had paid more than $3.7 million of its shareholder's taxes even though it had no liability for the income taxes as a pass-through corporation. Because the vast majority of these payments were made more than two years prior to bankruptcy and based upon my review of the original complaint and documents since I was not yet appointed or involved, it is my understanding, the Committee filed adversary proceedings against the shareholders and the taxing authorities in September 2018 which included claims under 11 U.S.C. § 544 and California Civil Code § 3439 *et seq.* to avoid and recover these fraudulent transfers. It is my understanding that the Ninth Circuit had previously held that such transfers were avoidable under state fraudulent transfer laws.

13. After approximately seven years of vigorous litigation, the Supreme Court issued its decision in *United States v. Miller*, 604 U.S. 518 (2025). In *Miller*, the Supreme Court held, under very similar facts, that a bankruptcy estate could not avoid and recover payments made to the IRS more than two years prior to bankruptcy under 11 U.S.C. § 544 because, outside of bankruptcy, the United States has not waived sovereign immunity to allow creditors to sue it to avoid and recover fraudulent transfers.

14. Although the United States never raised sovereign immunity as a defense in its answer in this case, I understand that the Ninth Circuit recently held that an express waiver of sovereign immunity stated on the record in open court by counsel for the IRS was unenforceable because it was not clearly and unequivocally supported by an expression of waiver set forth in statutory text. As such, it did not appear to me that the absence of a sovereign immunity defense in its answer would be sufficient for this Court to conclude that the IRS's participation in this action for seven years without the assertion would constitute a waiver.

15. Based on the Supreme Court's decision in *Miller* and my conclusion that the IRS had likely not waived sovereign immunity to render *Miller* inapplicable, I determined that it was in the best interest of the estate to promptly settle the litigation that remained pending, which was the litigation with the Sahanis, the USA, and the LACTTC.

16. While I am disappointed for the Estate with respect to the outcome of the adversary proceedings, when the Committee commenced them in 2018, and when I became the real party in interest upon conversion of the case in 2022, there was published Ninth Circuit authority concluding that that such an action could be prosecuted for the benefit of creditors.

17. Thus, for the foregoing reasons, I believe, in my business judgment, that my administration of the Estate and Debtor's assets were reasonably calculated to provide a benefit to creditors based on the facts known to me at the time.

18. For purposes of calculating the statutory maximum compensation allowable to 11 U.S.C. § 326, the distribution total is $1,469,021.85. Based upon the foregoing, the maximum compensation allowable by statute is $67,300.06.

19. Attached as Exhibit "1" is a true and complete copy of the most recent bank

ledgers from the Estate bank accounts, the Form 2. The ledgers account for all monies received and disbursed for the period March 11, 2022, through and including July 31, 2026.

20. I also seek reimbursement of expenses in the amount of $400 incurred during the current time period. A summary of the expenses is included on Exhibit 2.

21. I am fully aware of the state of this case and the fee requests, and I agree to accept final compensation of $54,000 as my Chapter 7 trustee fees (unless additional funds are discovered and brought into the Estate, in which case I reserve all rights to seek further compensation). I accept this reduced payment of administrative expenses with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

22. I seek approval of the distribution scheme as outlined in the Motion. After over two weeks of discussions among myself and the Estate professionals, as well as many conversations prior to this, all professionals have agreed to the distribution scheme outlined in the Motion. Due to the extreme administrative insolvency of this case, I believe that the administrative professionals are the only stakeholders in the distributions of the funds on hand. (There are no Chapter 7 clerk charges.)

23. Despite the best efforts of myself and the administrative professionals to create an estate from this failed Chapter 11, I was unable to generate sufficient funds from which distributions to creditors could be made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2026.

Sandra K McBeth
SANDRA K. MCBETH

## Declaration of Timothy J. Yoo

I, TIMOTHY J. YOO, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am a partner at Levene, Neale, Bender, Yoo & Golubchik L.L.P. ("LNBYG"), general counsel to Sandra K. McBeth, the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor"), and former general counsel to Sandra K. McBeth, the duly-appointed Chapter 11 Trustee.

4. I make this declaration in support of the Trustee's motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. The facts set forth below are true of my personal knowledge.

6. I am informed and believe that there is currently $1,429,306.98 on hand in the Estate.

7. As payment of its allowed administrative fees and expenses that have not already been paid, LNBYG agrees to accept $25,000 from the funds on hand in the Estate (unless additional funds are discovered and brought into the Estate, in which case LNBYG reserves all rights to seek further compensation). LNBYG accepts this reduced payment of administrative expenses following approximately two weeks of discussions among the Trustee and the Estate's professionals, and with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 21, 2026.

TIMOTHY J. YOO

## Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am a founding partner at Marshack Hays Wood LLP ("MHW"), formerly known as Marshack Hays LLP, special litigation counsel to Sandra K. McBeth, the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor"), and former general counsel to the Official Committee of Unsecured Creditors.

4. I make this declaration in support of the Trustee's motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. The facts set forth below are true of my personal knowledge.

6. I am informed and believe that there is currently $1,429,306.98 on hand in the Estate.

7. As payment of its allowed administrative fees and expenses that have not already been paid, MHW agrees to accept $938,506.98 from the funds on hand in the Estate (unless additional funds are discovered and brought into the Estate, in which case MHW reserves all rights to seek further compensation). MHW accepts this reduced payment of administrative expenses following approximately two weeks of discussions among the Trustee and the Estate's professionals, and with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2026.

RICHARD A. MARSHACK

## Declaration of A. Lavar Taylor

I, A. LAVAR TAYLOR, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration, which are true of my personal knowledge.

3. I am the founder of Taylor Nelson Amitrano LLP, formerly known as The Law Offices of A. Lavar Taylor ("Taylor Nelson Amitrano"), special counsel to Sandra K. McBeth, the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor"), and formerly special counsel to the Official Committee of Unsecured Creditors.

4. I make this declaration in support of the Trustee's motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. I am informed and believe that there is currently $1,429,306.98 on hand in the Estate.

6. As payment of its allowed administrative fees and expenses that have not already been paid, Taylor Nelson Amitrano agrees to accept $294,000 from the funds on hand in the Estate (unless additional funds are discovered and brought into the Estate, in which case Taylor Nelson Amitrano reserves all rights to seek further compensation). Taylor Nelson Amitrano accepts this reduced payment of administrative expenses following approximately two weeks of discussions among the Trustee and the Estate's professionals, and with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25th, 2026.

A. LAVAR TAYLOR



4887-1883-2698

## Declaration of Adam Meislik

I, ADAM MEISLIK, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am a partner at Force Ten Partners LLC ("Force Ten"), financial advisor to Sandra K. McBeth, the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor"), and former financial advisor to the Official Committee of Unsecured Creditors.

4. I make this declaration in support of the Trustee's motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. The facts set forth below are true of my personal knowledge.

6. I am informed and believe that there is currently $1,429,306.98 on hand in the Estate.

7. As payment of its allowed administrative fees and expenses that have not already been paid, Force Ten agrees to accept $114,000 from the funds on hand in the Estate (unless additional funds are discovered and brought into the Estate, in which case Force Ten reserves all rights to seek further compensation). Force Ten accepts this reduced payment of administrative expenses following approximately two weeks of discussions among the Trustee and the Estate's professionals, and with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 24, 2026.

[signature]

ADAM MEISLIK

## Declaration of M. Kathleen Klein

I, M. KATHLEEN KLEIN, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. I am a duly licensed certified public accountant. I am employed as accountant for Sandra K. McBeth, the duly-appointed Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of Rajysan, Inc. dba MMD Equipment ("Debtor"), and was the former accountant to Sandra K. McBeth, the duly-appointed Chapter 11 Trustee.

4. I make this declaration in support of the Trustee's motion for an order (1) establishing conditions and procedures for dismissal of the bankruptcy case, and (2) for allowance and payment of Trustee's and the administrative professionals' requests for fees and expenses ("Motion").

5. The facts set forth below are true of my personal knowledge.

6. I am informed and believe that there is currently $1,429,306.98 on hand in the Estate.

7. As payment of my allowed administrative fees and expenses that have not already been paid, I agree to accept $3,800 from the funds on hand in the Estate (unless additional funds are discovered and brought into the Estate, in which case I reserve all rights to seek further compensation). I accept this reduced payment of administrative expenses following approximately two weeks of discussions among the Trustee and the Estate's professionals, and with the motivation that the payment will be made by December 1, 2026, for year-end purposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2026.

M Kathleen Klein

M. KATHLEEN KLEIN

# Exhibit “1”

## Form 2
## Cash Receipts and Disbursements Record



**Case Number:** 9:17-BK-11363 DS
**Case Name:** Rajysan Inc
**Taxpayer ID#:** **-***2231
**Period Ending:** 08/21/26

**Trustee:** Sandra K. McBeth, Trustee
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******0436 - Checking
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 03/21/22 | Asset #33 | Chapter 11 Estate of Rajysan, Inc. | Per order converting to Chapter 7 entered 2/14/22 and notice of appointment of chapter 7 trustee filed 2/18/22 - new Chapter 7 account. | 1290-010 | 874,618.37 | | 874,618.37 |
| 03/24/22 | 1001 | Franchise Tax Board. | Per 2021 return: 2022 S-Corp 100-ES, **-***2231, per Order entered 3/22/2022 | 6820-000 | | 822.00 | 873,796.37 |
| 03/31/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 420.49 | 873,375.88 |
| 04/29/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,419.24 | 871,956.64 |
| 05/31/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,416.93 | 870,539.71 |
| 06/23/22 | 1002 | Digital WarRoom | Software Support and License Renewal per Order entered June 22, 2022. | 2990-000 | | 1,795.00 | 868,744.71 |
| 06/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,414.53 | 867,330.18 |
| 07/29/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,409.41 | 865,920.77 |
| 08/31/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,407.12 | 864,513.65 |
| 09/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,404.83 | 863,108.82 |
| 10/31/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,402.55 | 861,706.27 |
| 11/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,400.27 | 860,306.00 |
| 12/30/22 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,398.00 | 858,908.00 |

## Form 2
## Cash Receipts and Disbursements Record



**Case Number:** 9:17-BK-11363 DS
**Case Name:** Rajysan Inc
**Taxpayer ID#:** **-***2231
**Period Ending:** 08/21/26

**Trustee:** Sandra K. McBeth, Trustee
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******0436 - Checking
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/16/23 | 1003 | International Sureties, LTD | Bond Premium Payment as of 01/04/2023 [effective date], Bond Premium payment No. *****9731, paid per General Order 00-01 | 2300-000 | | 511.96 | 858,396.04 |
| 01/31/23 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,395.57 | 857,000.47 |
| 02/28/23 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,444.20 | 855,556.27 |
| 03/31/23 | | Signature Bank | Bank and Technology Services Fee | 2600-000 | | 1,436.62 | 854,119.65 |
| 04/03/23 | 1004 | Franchise Tax Board. | 2023 Corporate Estimated Tax, Form 100-ES for Rajysan Inc,, Tax ID #**-***2231. PER ORDER ENTERED 4/3/2023 | 2820-000 | | 800.00 | 853,319.65 |
| 04/28/23 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,438.53 | 851,881.12 |
| 05/31/23 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,427.57 | 850,453.55 |
| 06/27/23 | Asset #34 | Rajinder K Sahani | First of three instalments on sanction award. | 1229-000 | 8,776.04 | | 859,229.59 |
| 06/27/23 | 1005 | Digital WarRoom | Software Support and License Renewal per Order entered June 227, 2023. | 2990-000 | | 1,995.00 | 857,234.59 |
| 06/30/23 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,431.12 | 855,803.47 |
| 07/27/23 | Asset #34 | Rajinder K Sahani | Second of three instalments on sanctions order. | 1229-000 | 8,776.03 | | 864,579.50 |
| 07/31/23 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,439.69 | 863,139.81 |

## Form 2
## Cash Receipts and Disbursements Record

**Case Number:** 9:17-BK-11363 DS
**Case Name:** Rajysan Inc
**Taxpayer ID#:** **-***2231
**Period Ending:** 08/21/26

**Trustee:** Sandra K. McBeth, Trustee
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******0436 - Checking
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 08/28/23 | Asset #34 | Rajinder K Sahani | Third and final of three instalments on sanctions order. | 1229-000 | 8,776.03 | | 871,915.84 |
| 08/31/23 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,450.78 | 870,465.06 |
| 02/22/24 | 1006 | International Sureties, LTD | Bond Premium Payment as of 01/04/24 [effective date], Bond Premium payment No. *****9604, paid per General Order 00-01 | 2300-000 | | 637.94 | 869,827.12 |
| 03/12/24 | 1007 | Franchise Tax Board. | 2024 Corporate Estimated Tax, Form 100-ES for Rajysan Inc,, Tax ID #95-4352231. PER ORDER ENTERED 3/11/24 | 2820-000 | | 800.00 | 869,027.12 |
| 06/11/24 | 1008 | Digital WarRoom | Software Support and License Renewal per Order entered June 6, 2024. | 2990-000 | | 1,995.00 | 867,032.12 |
| 01/27/25 | 1009 | International Sureties, LTD | Bond Premium Payment as of 01/04/25 [effective date], Bond Premium payment No. XXXXX9604, paid per General Order 00-01 | 2300-000 | | 997.72 | 866,034.40 |
| 01/29/25 | | To Account# XXXXXX6265 | Transfer from account XXXXXX0436 to XXXXXX6265 | 9999-000 | | 766,034.40 | 100,000.00 |
| 03/26/25 | 1010 | Franchise Tax Board. | 2025 Corporate Estimated Tax, Form 100-ES for Rajysan Inc,, Tax ID #95-4352231. PER ORDER ENTERED 3/25/2025 | 2820-000 | | 800.00 | 99,200.00 |
| 05/19/25 | 1011 | Digital WarRoom | Software Support and License Renewal per Order entered May 16, 2025. | 2990-000 | | 2,500.00 | 96,700.00 |
| 12/22/25 | Asset #32 | United States Treasury | Full settlement payment | 1241-000 | 13,812.99 | | 110,512.99 |

## Form 2
## Cash Receipts and Disbursements Record

| | | | |
|---|---|---|---|
| **Case Number:** | 9:17-BK-11363 DS | **Trustee:** | Sandra K. McBeth, Trustee |
| **Case Name:** | Rajysan Inc | **Bank Name:** | Flagstar Bank, N.A. |
| | | **Account:** | ******0436 - Checking |
| **Taxpayer ID#:** | **-***2231 | **Blanket Bond:** | $5,000,000.00 (per case limit) |
| **Period Ending:** | 08/21/26 | **Separate Bond:** | N/A |

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 01/08/26 | 1012 | International Sureties, LTD | Bond Premium Payment as of 01/04/26 [effective date], Bond Premium payment No. XXXXX9604, paid per General Order 00-01 | 2300-000 | | 102.67 | 110,410.32 |
| 01/22/26 | Asset #35 | United States Treasury | 2017 Federal Tax refund. | 1224-000 | 9,991.37 | | 120,401.69 |
| 02/03/26 | Asset #29 | County of Los Angeles | Full Settlement payment | 1241-000 | 40,000.00 | | 160,401.69 |
| 02/10/26 | Asset #20 | RAJINDER KAUR SAHANI | Full settlement payment | 1229-000 | 500,000.00 | | 660,401.69 |
| 02/16/26 | | To Account# XXXXXX6265 | Transfer to interest bearing account.<br><br>Transfer from account XXXXXX0436 to XXXXXX6265 | 9999-000 | | 600,000.00 | 60,401.69 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | **1,464,750.83** | **1,404,349.14** | **$60,401.69** |
| Less: Bank Transfers | 0.00 | 1,366,034.40 | |
| **Subtotal** | **1,464,750.83** | **38,314.74** | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$1,464,750.83** | **$38,314.74** | |

# Form 2
## Cash Receipts and Disbursements Record

**Case Number:** 9:17-BK-11363 DS
**Case Name:** Rajysan Inc
**Taxpayer ID#:** **-***2231
**Period Ending:** 08/21/26

**Trustee:** Sandra K. McBeth, Trustee
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******6265 - MMA
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 01/29/25 | | From Account# XXXXXX0436 | Transfer from account XXXXXX0436 to XXXXXX6265 | 9999-000 | 766,034.40 | | 766,034.40 |
| 01/31/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 12.59 | | 766,046.99 |
| 02/28/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 176.31 | | 766,223.30 |
| 02/28/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | 1,244.83 | 764,978.47 |
| 03/17/25 | | Flagstar Bank, N.A. | Bank and Technology Services Fee | 2600-000 | | -1,244.83 | 766,223.30 |
| 03/31/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.09 | | 766,418.39 |
| 04/30/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 189.00 | | 766,607.39 |
| 05/30/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.35 | | 766,802.74 |
| 06/30/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 189.10 | | 766,991.84 |
| 07/31/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.45 | | 767,187.29 |
| 08/29/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.50 | | 767,382.79 |
| 09/30/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 189.24 | | 767,572.03 |
| 10/31/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.60 | | 767,767.63 |
| 11/28/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 189.34 | | 767,956.97 |
| 12/31/25 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.70 | | 768,152.67 |

# Form 2
## Cash Receipts and Disbursements Record



**Case Number:** 9:17-BK-11363 DS
**Case Name:** Rajysan Inc
**Taxpayer ID#:** **-***2231
**Period Ending:** 08/21/26

**Trustee:** Sandra K. McBeth, Trustee
**Bank Name:** Flagstar Bank, N.A.
**Account:** ******6265 - MMA
**Blanket Bond:** $5,000,000.00 (per case limit)
**Separate Bond:** N/A

| 1<br>Trans. Date | 2<br>Check or Ref. # | 3<br>Paid To / Received From | 4<br>Description of Transaction | Uniform Tran. Code | 5<br>Receipts $ | 6<br>Disbursements $ | 7<br>Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 01/08/26 | 100001 | International Sureties, LTD | Bond Premium Payment as of 01/04/26 [effective date], Bond Premium payment No. XXXXX9604, paid per General Order 00-01 | 2300-000 | | 713.63 | 767,439.04 |
| 01/30/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 195.67 | | 767,634.71 |
| 02/16/26 | | From Account# XXXXXX0436 | Transfer to interest bearing account.<br><br>Transfer from account XXXXXX0436 to XXXXXX6265 | 9999-000 | 600,000.00 | | 1,367,634.71 |
| 02/27/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 235.86 | | 1,367,870.57 |
| 03/31/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 348.57 | | 1,368,219.14 |
| 04/30/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 337.41 | | 1,368,556.55 |
| 05/29/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 348.74 | | 1,368,905.29 |
| 06/30/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 337.58 | | 1,369,242.87 |
| 07/31/26 | INT | Flagstar Bank, N.A. | Interest Credit | 1270-000 | 348.92 | | 1,369,591.79 |

| | Receipts | Disbursements | Balance |
|---|---|---|---|
| **ACCOUNT TOTALS** | **1,370,305.42** | **713.63** | **$1,369,591.79** |
| Less: Bank Transfers | 1,366,034.40 | 0.00 | |
| **Subtotal** | **4,271.02** | **713.63** | |
| Less: Payment to Debtors | | 0.00 | |
| **NET Receipts / Disbursements** | **$4,271.02** | **$713.63** | |

**Form 2**
**Cash Receipts and Disbursements Record**

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******0436 | 1,464,750.83 | 38,314.74 | 60,401.69 |
| Money Market # ******6265 | 4,271.02 | 713.63 | 1,369,591.79 |
| | $1,469,021.85 | $39,028.37 | $1,429,993.48 |

# Exhibit “2”

Printed: 08/21/26

# Expense Worksheet Report

## Sandra K. McBeth, Trustee



Case Number: 9:17-BK-11363
Case Name: Rajysan Inc

Category: **COPIES**

| Date | Description | Units | Rate | Total |
|---|---|---|---|---|
| 06/01/22 | | 12.00 | $0.2500 | $3.00 |
| 02/02/23 | | 12.00 | $0.2500 | $3.00 |
| 04/11/23 | | 8.00 | $0.2500 | $2.00 |
| 06/27/23 | | 4.00 | $0.2500 | $1.00 |
| 04/04/24 | | 9.00 | $0.2500 | $2.25 |
| 05/20/24 | | 8.00 | $0.2400 | $1.92 |
| 06/11/24 | | 2.00 | $0.2500 | $0.50 |
| 04/14/25 | | 12.00 | $0.2500 | $3.00 |
| 04/28/25 | | 40.00 | $0.2500 | $10.00 |
| 09/11/25 | | 14.00 | $0.2500 | $3.50 |
| 09/12/25 | | 21.00 | $0.2500 | $5.25 |
| 10/21/25 | | 5.00 | $0.2500 | $1.25 |
| 10/23/25 | | 6.00 | $0.2500 | $1.50 |
| 10/28/25 | | 7.00 | $0.2500 | $1.75 |
| 02/09/26 | | 3.00 | $0.2500 | $0.75 |
| 02/23/26 | | 21.00 | $0.2500 | $5.25 |
| 04/06/26 | | 13.00 | $0.2500 | $3.25 |
| 04/27/26 | | 12.00 | $0.2500 | $3.00 |
| 08/03/26 | | 28.00 | $0.2500 | $7.00 |
| 08/17/26 | | 31.00 | $0.2500 | $7.75 |
| **Total for Category COPIES** | | **268.00** | | **$66.92** |

Category: **POSTAGE**

| Date | Description | Units | Rate | Total |
|---|---|---|---|---|
| 03/24/22 | | 5.00 | $0.5800 | $2.90 |
| 06/01/22 | | 4.00 | $0.5800 | $2.32 |
| 06/23/22 | | 1.00 | $0.5800 | $0.58 |
| 03/21/23 | | 8.00 | $0.6300 | $5.04 |
| 03/21/23 | | 1.00 | $2.2200 | $2.22 |

# Expense Worksheet Report
## Sandra K. McBeth, Trustee

Case Number: 9:17-BK-11363
Case Name: Rajysan Inc

Category: **POSTAGE**

| Date | Description | Units | Rate | Total |
|---|---|---|---|---|
| 03/21/23 | | 1.00 | $1.9800 | $1.98 |
| 04/04/23 | | 1.00 | $0.6300 | $0.63 |
| 04/27/23 | | 2.00 | $0.6300 | $1.26 |
| 06/27/23 | | 1.00 | $0.6300 | $0.63 |
| 02/27/24 | | 4.00 | $1.6300 | $6.52 |
| 02/28/24 | | 1.00 | $2.1100 | $2.11 |
| 02/28/24 | | 1.00 | $2.3500 | $2.35 |
| 03/12/24 | | 1.00 | $0.6800 | $0.68 |
| 05/20/24 | | 4.00 | $0.6800 | $2.72 |
| 06/11/24 | | 1.00 | $0.6800 | $0.68 |
| 02/20/25 | | 8.00 | $0.7300 | $5.84 |
| 02/20/25 | | 1.00 | $2.5900 | $2.59 |
| 02/20/25 | | 1.00 | $2.3100 | $2.31 |
| 03/26/25 | | 1.00 | $0.7300 | $0.73 |
| 04/28/25 | | 4.00 | $0.7300 | $2.92 |
| 05/19/25 | | 1.00 | $0.7300 | $0.73 |
| 02/23/26 | | 2.00 | $2.4400 | $4.88 |
| 02/23/26 | | 1.00 | $3.0000 | $3.00 |
| 02/23/26 | | 1.00 | $1.3600 | $1.36 |
| 02/23/26 | | 2.00 | $1.0700 | $2.14 |
| 04/27/26 | | 4.00 | $0.7800 | $3.12 |
| 05/06/26 | | 1.00 | $0.7800 | $0.78 |
| 08/03/26 | | 4.00 | $0.8200 | $3.28 |
| **Total for Category POSTAGE** | | **67.00** | | **$66.30** |

# Expense Worksheet Report

## Sandra K. McBeth, Trustee



Case Number: 9:17-BK-11363
Case Name: Rajysan Inc

Category: **OTHER**

| **Date** | **Description** | **Units** | **Rate** | **Total** |
|---|---|---|---|---|
| 08/21/26 | Final closing expenses, copies, postage, etc. | 1.00 | $150.0000 | $150.00 |
| **Total for Category OTHER** | | **1.00** | | **$150.00** |

**Total for Case 9:17-BK-11363:** **$283.22**

**Total for Trustee Sandra K. McBeth, Trustee:** **$283.22**

**Grand Total:** **$283.22**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S MOTION FOR (1) ORDER ESTABLISHING CONDITIONS AND PROCEDURES FOR DISMISSAL OF CASE UNDER 11 U.S.C. § 707(a); AND (2) ALLOWANCE AND PAYMENT OF TRUSTEE'S AND ADMINISTRATIVE PROFESSIONALS' REQUESTS FOR FEES AND EXPENSES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF SANDRA K. MCBETH, TIMOTHY J. YOO, RICHARD A. MARSHACK, A. LAVAR TAYLOR, ADAM MEISLIK, AND M. KATHLEEN KLEIN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 25, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **August 25, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**RTD 12/27/23 UTF**
**DEBTOR**
RAJYSAN, INC.
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR
TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT
OR LAW TO RECEIVE SERVICE
~~4175 GUARDIAN STREET~~
~~SIMI VALLEY, CA 93063~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PER JUDGE SALTZMAN'S PROCEDURES: Judge Saltzman does not follow the judge's copy requirements of General Order 23-01. No judge's copy of any document is required unless a copy is requested by chambers.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 25, 2026 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR BMS BANK OF NORTH AMERICA:** Bret D. Allen ca.ecf@bretallen.com, bankruptcy@theallenlawfirm.com
- **ATTORNEY FOR TRUSTEE SANDRA MCBETH (TR):** Todd M Arnold tma@lnbyg.com
- **ATTORNEY FOR FORMER CREDITOR COMMITTEE and TRUSTEE SANDRA MCBETH (TR):** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com,ldinkins@marshackhays.com
- **ATTORNEY FOR CREDITOR BMW BANK OF NORTH AMERICA DEPARTMENT:** Bhagwati Barot bbarot@aissolution.com
- **INTERESTED PARTY COURTESY NEF:** Linda S Blonsley blonsleylawecf@gmail.com, joe@blonsleylaw.com; lawbr69955@notify.bestcase.com; lblonsley@blonsleylaw.com
- **ATTORNEY FOR CREDITOR BORSTEIN ENTERPRISES:** Jess R Bressi jess.bressi@dentons.com, kimberly.sigismondo@dentons.com
- **ATTORNEY FOR INTERESTED PARTY ALLIANCE NORTH AMERICA, INC.:** Cathrine M Castaldi ccastaldi@brownrudnick.com
- **ATTORNEY FOR 3RD PARTY PLAINTIFF CALIFORNIA FRANCHISE TAX BOARD:** Lisa W Chao lisa.chao@doj.ca.gov
- **ATTORNEY FOR CREDITOR and DEFENDANT LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR:** Jacquelyn H Choi jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **ATTORNEY FOR CREDITOR TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, REVENUE ACCOUNTING DIVISION:** Christopher J. Dylla Christopher.Dylla@azag.gov
- **ATTORNEY FOR 3RD PARTY DEFENDANT and CREDITOR GURMEET SAHANI; 3RD PARTY DEFENDANT JASMINE SAHANI; and CREDITOR HALCYON VALENCIA PARTNERS, L.P.:** Jeremy Faith Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com; Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR U.S. TRUSTEE:** Brian David Fittipaldi brian.fittipaldi@usdoj.gov
- **ATTORNEY FOR CREDITOR SUMITOMO MITSUI FINANCE AND LEASING CO., LTD.:** Jeffrey Garfinkle jgarfinkle@buchalter.com, docket@buchalter.com; lverstegen@buchalter.com
- **ATTORNEY FOR WITNESS JEFFER MANGELS BUTLER & MITCHELL LLP:** Thomas M Geher tmg@jmbm.com, bt@jmbm.com; tmg@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Jeffrey I Golden jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **ATTORNEY FOR DEBTOR RAJYSAN, INC.:** Andrew Goodman agoodman@tullylegal.com, Goodman.AndrewR102467@notify.bestcase.com
- **ATTORNEY FOR DEBTOR RAJYSAN, INC. and SPECIAL COUNSEL ALPERT, BARR & GRANT:** Andrew Goodman agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **ATTORNEY FOR INTERESTED PARTY GRANT_SHENON, APLC fka ALPTER, BARR & GRANT; SPECIAL COUNSEL ALPERT, BARR & GRANT and TRUSTEE SANDRA MCBETH (TR):** Adam D Grant agrant@alpertbarr.com, aeichelberger@alpertbarr.com
- **INTERESTED PARTY COURTESY NEF:** Barbara R Gross barbara@bgross.law, luz@bgross.law
- **ATTORNEY FOR FORMER CREDITOR COMMITTEE and TRUSTEE SANDRA MCBETH (TR):** Chad V Haes chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR FORMER CREDITOR COMMITTEE:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Richard E Hettinger rhettinger@davidsontroilo.com
- **ATTORNEY FOR CREDITOR GURMEET SAHANI; DEFENDANT and INTERESTED PARTY GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST DATED MAY 10, 2017; DEFENDANT and INTERESTED PARTY AMARJIT SAHANI; DEFENDANT GURPREET SAHANI; DEFENDANT and INTERESTED PARTY RAJINDER SAHANI; and DEFENDANT and INTERESTED PARTY SHAHEEN SAHANI:** Stephen E Hyam stephen@stephenhyam.net, arvin.setaghaian@offitkurman.com
- **ATTORNEY FOR 3RD PARTY PLAINTIFF and DEFENDANT CALIFORNIA FRANCHISE TAX BOARD:** John C Keith john.keith@doj.ca.gov
- **ATTORNEY FOR CREDITOR WELLS FARGO BANK, N.A.:** Raffi Khatchadourian raffi@hemar-rousso.com

- **ATTORNEY FOR CREDITOR BRUCE MILLER & ASSOCIATES:** Mark J Krone mk@amclaw.com, maa@amclaw.com; amc@amclaw.com; mea@amclaw.com; ilr@amclaw.com
- **ATTORNEY FOR 3RD PARTY PLAINTIFF CALIFORNIA FRANCHISE TAX BOARD; 3RD PARTY DEFENDANT, DEFENDANT, and INTERVENOR-DEFENDANT AMARJIT SAHANI; 3RD PARTY DEFENDANT, DEFENDANT, and INTERVENOR-DEFENDANT GURPREET SAHANI; 3RD PARTY DEFENDANT, DEFENDANT, and INTERVENOR-DEFENDANT RAJINDER SAHANI; 3RD PARTY DEFENDANT and INTERVENOR-DEFENDANT SHANEEN SAHANI; DEFENDANT and INTERVENOR-DEFENDANT GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST DATED MAY 10, 2017; and DEFENDANT and INTERVENOR-DEFENDANT SHAHEEN SAHANI:** Lewis R Landau Lew@Landaunet.com
- **ATTORNEY FOR INTERESTED PARTY AIRMAN USA CORPORATION and INTERESTED PARTY HOKUETSU INDUSTRIES CO., LTD.:** Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com; jmack@lesnickprince.com
- **ATTORNEY FOR CREDITOR GURMEET SAHANI:** Noreen A Madoyan Noreen.Madoyan@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Craig G Margulies Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com; Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com
- **ATTORNEY FOR FORMER CREDITOR COMMITTEE:** Richard A Marshack rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **TRUSTEE SANDRA MCBETH (TR):** Sandra McBeth (TR) jwalker@mcbethlegal.com, CA65@ecfcbis.com; ecf.alert+McBeth@titlexi.com
- **ATTORNEY FOR CREDITOR GURMEET SAHANI:** Monserrat Morales Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com; Helen@marguliesfaithlaw.com; Angela@MarguliesFaithlaw.com
- **INTERESTED PARTY COURTESY NEF:** John M O'Donnell john.o'donnell@ftb.ca.gov, Martha.Gehrig@ftb.ca.gov
- **ATTORNEY FOR TRUSTEE SANDRA MCBETH (TR):** Carmela Pagay ctp@lnbyg.com
- **ATTORNEY FOR CREDITOR BMW BANK OF NORTH AMERICA:** Dipika Parmar dipika.parmar@aissolution.com
- **ATTORNEY FOR TRUSTEE SANDRA MCBETH (TR):** Kurt Ramlo RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- **ATTORNEY FOR 3RD PARTY PLAINTIFF CALIFORNIA FRANCHISE TAX BOARD:** Laura E Robbins Laura.Robbins@doj.ca.gov, Carolina.Castillo@doj.ca.gov
- **ATTORNEY FOR DEFENDANT INTERNAL REVENUE SERVICE and DEFENDANT UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE:** Najah J Shariff najah.shariff@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **ATTORNEY FOR CREDITOR GURMEET SAHANI:** Jay M Spillane jspillane@spillaneplc.com, cdale@spillaneplc.com; smargetis@spillaneplc.com
- **ATTORNEY FOR CREDITOR BEXAR COUNTY:** Don Stecker don.stecker@lgbs.com
- **ATTORNEY FOR CREDITOR TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, REVENUE ACCOUNTING DIVISION:** John M Stern bk-jstern@oag.texas.gov, bk-mbecker@oag.texas.gov
- **ATTORNEY FOR CREDITOR SOUTHWEST PRODUCTS CORPORATION:** Thomas W Stilley tstilley@sussmanshank.com, jhume@sussmanshank.com
- **U.S. TRUSTEE:** United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov
- **ATTORNEY FOR TRUSTEE SANDRA MCBETH (TR):** Timothy J Yoo tjy@lnbyb.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**INTERESTED PARTY**
FORCE TEN PARTNERS
5271 CALIFORNIA AVE.
STE 270
IRVINE, CA 92617

**INTERESTED PARTY**
SQUAR MILNER, LLP
C/O BAKER TILLY
SHASHI MIRPURI
6320 CANOGA AVE
17TH FLOOR
WOODLAND HILLS, CA 91367

**INTERESTED PARTY**
M. KATHLEEN KLEIN
6061 NORTH FRESNO ST
STE 106
FRESNO, CA 93710

**INTERESTED PARTY**
A. LAVAR TAYLOR
TAYLOR NELSON AMITRANO LLP
1900 MAIN ST, STE 650
IRVINE, CA 92614

**INTERESTED PARTY**
GA GLOBAL PARTNERS
C/O CA GLOBAL PARTNERS
MARK WEITZ
2637 TOWNSGATE RED
STE 300
WESTLAKE VILLAGE, CA 913661